[No. 15828.   In Bank.—April 5, 1895.]

HARRIET M. FAIRCHILD, RESPONDENT, *v.* THE
BOARD OF EDUCATION OF THE CITY AND
COUNTY OF SAN FRANCISCO ET AL., APPEL-
LANTS.

PUBLIC SCHOOLS OF SAN FRANCISCO—VACATION OF TEACHERS—RULES OF
BOARD OF EDUCATION.—The board of education of San Francisco may
make all reasonable rules regulating vacations and leaves of absence
for teachers, but can pass no rules in contravention of the statutory
provisions securing to a teacher a position of the same grade and com-
pensation, and a rule that when a teacher returns from her leave of
absence, if there be no suitable vacancy, such teacher shall be assigned
to the head of the day school substitute class, her compensation for
which is much less than that which attached to the grade and position
to which such teacher had been elected, is void.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco and from an
order denying a new trial.

The facts are stated in the opinion of the court.

*William Grant*, for Appellant.

*Horace W. Philbrook*, for Respondent.

HENSHAW, J.—Appeal from judgment of superior
court in mandamus and from order denying a new
trial.

Plaintiff was, and for more than ten years before the
fourteenth day of September, 1892, had been, a princi-
pal teacher in the public schools of San Francisco,
elected for no definite term.   Upon that day she ob-
tained a leave of absence until July 1, 1893.   Upon
the expiration of her leave of absence she reported for
duty, and asked to be allowed to resume the position of
principal of the Potrero school, which position she was
filling at the time of her vacation.   That position had been
filled, during her absence, by the election of another
teacher to it.   Her request was, therefore, refused, and
she was assigned to the head of the day school substi-

tute class, under rule 124 of the board of education, which rule, so far as applicable to the case at bar, is as follows:

" When a principal or assistant has been employed in the public schools of San Francisco for a period of not less than ten years the board may grant such principal or assistant a leave of absence for a period not exceeding one year, and the teacher to whom such leave is granted shall, at the expiration of the leave of absence, be entitled to a position of the same grade as he or she held when the leave was granted.   When a teacher returns from a leave of absence, if there be no suitable vacancy, the teacher shall be assigned to the head of day school substitute class."

This rule was in force at the time plaintiff obtained her leave of absence.   The compensation allowed teachers in the day school substitute class is much less than that which attached to the grade and position to which plaintiff had been elected.

Under this state of facts it is apparent that the case is parallel in its essential features with *Kennedy* v. *Board of Education*, 82 Cal. 483.

The board of education in regulating vacations could pass no rules in contravention of the statutory provisions.   Upon returning from her vacation plaintiff was entitled to enter upon the performance of the duties of a principal teacher, if not in her former school, at least in one of like grade.   She was likewise entitled to receive the compensation belonging to her grade.   To fill her position by election when she was in the enjoyment of her leave of absence, and to assign her, under less pay, to the substitute class, was but doing in another form what this court declared unlawful when Kate Kennedy, upon her return, was removed to a position in a school of lower grade at less salary.

The board of education may make all reasonable rules regulating vacations and leaves of absence; but it cannot provide, as an implied condition to accepting such vacations, that the teacher shall run the risk of forfeit-

ing school or salary, and, by enforcing the condition, accomplish, by indirection, that upon which the statute has placed its ban. (Pol. Code, sec. 1793.)

The judgment and order appealed from are affirmed.

TEMPLE, J., GAROUTTE, J., VAN FLEET, J., HARRISON, J., and BEATTY, C. J., concurred.

McFARLAND, J.—I concur, but solely upon the authority of the Kennedy case.