[S. F. No. 2900. In Bank.—May 26, 1903.]

## GEORGE BATES, Appellant, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

SCHOOL LAW—POWER OF BOARD OF EDUCATION—REDUCTION OF CLASSES—RETIREMENT OF TEACHER.—The board of education of the city and county of San Francisco has power to consolidate classes or to discontinue a school or class, in the interests of economy, or for other good and sufficient reason, and to determine what teacher in such event shall be retired and placed upon the unassigned list of teachers of the same grade of certificate, without pay while so retired.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

A. W. Lyser, and John S. Partridge, for Appellant.

Franklin K. Lane, City Attorney, and W. I. Brobeck, Assistant City Attorney, for Respondents.

VAN DYKE, J.—This is an appeal from the judgment dismissing the plaintiff's application for a writ of mandate.

It appears from the findings in the case that on August 12, 1896, the board of education of the city and county of San

CXXXIX. Cal.—10

Francisco, defendant and respondent herein, at a regular meeting, adopted the report of its committee on classification, and thereupon appointed the plaintiff and appellant to the position of teacher of the high-school class to be formed in the Horace Mann evening school, and thereafter, on August 26th, by resolution, discontinued said Horace Mann evening school, and transferred the plaintiff and appellant to the Franklin evening school, and on September 30th of the same year assigned the plaintiff to "teach Latin and French during one half of each day in the high-school class in the Horace Mann grammar school," and that thereafter such high-school class was transferred to and became a part of the Mission High School. It further appears from the findings that the plaintiff accepted such employment, and became, and was thereafter, until the first day of September, 1900, assistant teacher of Latin and French in the Mission High School of said city and county; that on the twenty-second day of August, 1900, the defendant board of education adopted a resolution in words and figures following: "Whereas, the work now being done by Mr. George Bates at the Mission High School can be distributed among the other teachers without additional expense; be it resolved that Mr. George Bates be and he is hereby placed on the unassigned high-school list, without pay, to date from September 1, 1900." It is further found by the court: "That at the time of the adoption of said resolution of August 22, 1900, there existed and were maintained by the board of education of the city and county of San Francisco, three high schools, in which all the subjects prescribed by law for instruction therein were taught; that said schools were known and designated as the Lowell High School, the Girls' High School, and the Mission High School; that the average daily attendance of pupils in the Lowell High School was 343, and there were twelve teachers employed therein, in the Girls' High School 345 pupils and fourteen teachers, and in the Mission High School 176 pupils and twelve teachers; that the resolution of August 22, 1900, retiring plaintiff from service in the Mission High School was passed and adopted by the board of education, defendant, in furtherance of the purpose of effecting a more economical administration of the affairs of said school, and as a result of a redistribution of

the work required to be performed by the faculty of said school, so that the number of classes therein would be materially decreased, and the work theretofore done by the faculty of said school, including plaintiff, would and could be done thereafter by the same faculty without plaintiff, and said resolution did actually further such purpose and accomplish such result.''

It is admitted by the appellant that the board of education ''has the power to consolidate classes when in its judgment such step is necessary.'' Also, when ''for any cause a position has ceased to exist, the teacher or teachers affected by such circumstance have no right to further employment or salary.'' It is claimed, however, by the appellant that the decision of the trial court herein is an unwarrantable extension of such doctrine. But conceding that the board of education possesses the power to consolidate classes or discontinue a school or class, it must follow that it possesses the power of determining what teacher shall, in such event, be retired. We cannot assume, as suggested by appellant, that the board of education under such a rule might adopt improper means to get rid of a teacher without cause and appoint another in his place. In this case, as shown by the findings, which are supported by the evidence, when the plaintiff was relieved and placed upon the unassigned list of teachers, the Mission High School, with 176 pupils, had twelve teachers, whereas the Lowell High School, with the same number of teachers, had 343 pupils, being nearly twice the number of pupils to the teacher as were in the Mission High School. It is very apparent, therefore, aside from the finding of the court, that the reduction of teachers in the Mission High School at the time the plaintiff was placed upon the retired list, was in the interest of economy, and therefore in the interest of the taxpayers of the city and county of San Francisco; and surely the board of education ought to have some regard for their interest when it will not impair the usefulness of the public schools.

Appellant relies upon certain limitations on the powers of the board of education contained in the Political Code and charter of said city and county. By section 1793 of the Political Code, ''the holders of city certificates are eligible

to teach in the cities in which such certificates were granted, in schools of grades corresponding to the grades of such certificates, and when elected shall be dismissed only for insubordination or other causes, as mentioned in section 1791 of this code." In section 1791 it is provided that each city board of examination has power, among other things, to recommend to the city board of education the revocation of any certificate previously granted, for immoral or unprofessional conduct, profanity, intemperance, or evident unfitness for teaching. The charter of said city and county contains a provision limiting the power of the board of education similar to that contained in section 1793 of the Political Code. (Art. VII, chap. III, sec. 1.) It is contended by the respondent, however, that the holder of a *high-school certificate* is not embraced within the limitations the same as the holder of a *city certificate*. But, in the view we take of the case, it is unnecessary to determine that matter.

In the case at bar the appellant was not dismissed as a teacher in the department, nor was his certificate revoked, but his services were merely dispensed with for the time being, as no longer necessary.

Appellant constantly harps upon the Kennedy case (82 Cal. 483) in support of his contention here. That case was by a bare majority of the court, and, as said in *Marion* v. *Board of Education,* 97 Cal. 608, "that case goes quite far enough." There is nothing, however, in the Kennedy case, nor in any other decision of this court, which holds that the board of education, in the interest of economy, or for any other good and sufficient reason, may not reduce the number of classes in the public schools; and this being so, it inevitably follows that the board must possess the power of determining what teacher in such event shall be retired, and it would be absurd in such a case to contend that the teacher so retired would continue to draw pay without performing any services the same as when he did.

The public schools were not created, nor are they supported, for the benefit of the teachers therein, as implied by the contention of the appellant, but for the benefit of the pupils and the resulting benefit to their parents and the community at large. Of the teachers holding the same grade of certificates,

some may be, and generally are, better adapted to perform the duties of teaching certain classes, or work in a certain line; and the body or board to whom the law intrusts the management of the schools should have some discretion in the arrangement of teachers to different portions of the work in hand, as well as in their employment in the first instance.

The judgment is affirmed.

McFarland, J., Angellotti, J., Shaw, J., Henshaw, J., and Lorigan, J., concurred.

Rehearing denied.