[S. F. No. 3016.   Department One.—November 7, 1904.]

FANNIE STOCKTON, Appellant, v. BOARD OF EDU-
CATION OF THE CITY OF SAN JOSE et al.,
Respondents.

SCHOOL LAW — DISMISSAL OF TEACHER — ABSENCE OF CERTIFICATE.—A teacher who has never held a city or city and county certificate does not come within the terms of section 1793 of the Political Code, providing that holders of such certificates shall be dismissed only for insubordination or other causes.

ID.—SAN JOSE CHARTER.—CONSTRUCTION—" PERMANENT POSITIONS "— DISMISSAL AT END OF YEAR.—Upon a proper construction of the original charter of San Jose, the only "permanent positions" of teachers thereunder were of those who were reported favorably by the classification committee of the board of education at the close of the school year, and a teacher not protected by the Political Code may be dismissed at the end of any school year under that charter upon failure of the classification committee to recommend a retention of said teacher for the ensuing year.

APPEAL from a judgment of the Superior Court of Santa Clara County.   M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

John G. Jury, and D. M. Delmas, for Appellant.

H. L. Partridge, F. C. Jacobs, and Joseph H. Patton, for Respondents.

ANGELLOTTI, J.—This is an appeal, on the judgment-roll, from a judgment denying the application of plaintiff for a writ of mandate compelling defendants to admit plaintiff to the use and enjoyment of her alleged right to act as a teacher in the school department of the city of San Jose.

The plaintiff has never held a "city" or "city and county" certificate, and therefore does not come within the provisions of section 1793 of the Political Code, providing that holders of such certificates, when elected, shall be dismissed only for insubordination or other causes. No other provision of the general state law applicable to common schools is cited as precluding the board of education of the city of San Jose from removing plaintiff at its pleasure, and plaintiff bases her claim entirely upon certain provisions of the charter of such city as originally adopted and as they existed until amended in the year 1901 (Stats. 1897, p. 592), contending that she was regularly elected a "permanent teacher" of the school department within the meaning of such provisions, and that she has never been legally removed from that position.

In view of the fact that the San Jose charter provisions relative to the *status* of teachers, and the right and manner of their removal, were materially amended in 1901 (Stats. 1901, p. 957), the question as to the proper construction of the original charter provision is no longer of general interest, and affects only those who, like this plaintiff, may have been retired thereunder.

As originally adopted, the charter provided in section 5 of article IX that the powers and duties of the board of education are as follows: "Third—To employ, pay and dismiss teachers, janitors, school-census marshals, and such persons as may be necessary to carry into effect the powers and duties of the board, and to fix, alter, allow, and order paid their salaries or compensation, . . . provided, that no election of a teacher or other person employed by the board shall be construed as a contract, either as to the duration of time or

.amount of wages of such person.'' It further provided for a standing committee on classification, to consist of two members of the board of education and the city superintendent, the duties of the members of which were, among other things, to make themselves thoroughly acquainted by personal inspection with the work of every employee of the board, and to make a written report to the board at least twenty days before the close of any school year, and to therein ''distinctly state what employees shall, in their opinion, be retained for the ensuing year.'' (Charter, art. IX, sec. 13.) It was further provided by section 14 of article IX as follows, namely: ''No teacher shall be elected or appointed to a position in the school department except in technical or industrial schools that may be established, or as special teacher of some branch, who does not hold a California primary or grammar grade certificate, in full force; and no one shall be elected to a permanent position who has not taught successfully at least one school year in the schools of the city. All teachers thus elected to permanent positions in the department, who are reported upon favorably by a majority of the committee on classification, shall retain their positions for the ensuing year without re-election, and shall be removed only for cause. No teacher shall be removed from a position held in the schools of the city, except by the votes of four members of the board. . . .''

These are the only provisions that at all bear upon plaintiff's case.·

The findings show that on June 2, 1897, the classification committee, by its written report, recommended that plaintiff be retained in her position as a teacher for the ensuing school year. She entered upon the discharge of her duty as such teacher, and continued to act until the close of the school year, June 30, 1898. The committee did not report favorably upon her for the ensuing year, and she ceased to act as a teacher until December 5, 1898, when she was elected ''as a regular teacher in the school department,'' and acted as such until the end of the school year, June 30, 1899. The classification committee recommended her for employment as a teacher for the school year ending June 30, 1900, and she, pursuant to that employment, entered upon her duties as a teacher and continued to act until the last-named date. The majority of the classification committee did not report favorably upon

her for the ensuing school year, and the report excluding her, by failing to report favorably upon her, was regularly adopted by the board of education, and she was not re-elected. Since that time she has not been recognized as a teacher by the board, and has not been allowed to perform any of the duties of a teacher. In addition to these specific findings, the trial court found that plaintiff never was "elected to a permanent position, or employed as a permanent teacher in the school department of the city of San Jose."

The charter, as it then stood, nowhere defined the term "permanent position" or "permanent teacher." It made a distinction between such teachers and others, and by section 14 of article IX sought to confer some advantage as to tenure upon those who had been elected to "permanent positions," and had thus become "permanent teachers" of the department. But that advantage, as we read the charter provisions, was the advantage of only such permanent teachers as were reported upon favorably by a majority of the committee on classification, at the close of any school year, and simply gave to them the right to hold their positions for another school year, without re-election by the board, unless removed "for cause." In other words, there was no "permanent position" in the broad sense that one elected to such a position continued to hold indefinitely, in the absence of removal for cause, but the position was "permanent" only so long as a majority of the classification committee, at the close of each school year, reported favorably upon the incumbent. In the absence of such a favorable report, the board of education, without other cause, had the right to remove the incumbent.

Whatever right the incumbent of a "permanent position" had to continue in the position, notwithstanding the express desire and act of the board of education to the contrary, must be found in that provision of section 14 of article IX which declares that "all teachers thus elected to permanent positions in the department, who are reported upon favorably by a majority of the committee on classification, shall retain their positions for the ensuing year without re-election, and shall be removed only for cause."

If that provision had not been incorporated in the charter, there could be no doubt that the board of education could remove any teacher, permanent or otherwise, at will, by a

vote of four members of the board. This provision was the only limitation on that absolute power that was contained in the charter. By its express terms, the limitation was applicable not to all those who had been merely elected to permanent positions, but only to those who, having been so elected, were favorably reported upon by a majority of the committee on classification, at the close of a school year. It gave to those who were so favorably reported upon the right to continue in their positions for another school year, unless removed for cause. Such is the plain reading of the limitation upon the power of the board to remove at will, and the plaintiff, not having been favorably reported upon by the committee on classification at the close of the school year in 1900, did not come within its provisions.

The provision of subdivision 3 of section 5 of article IX of the charter, "that no election of a teacher or other person employed by the board shall be construed as a contract, either as to the duration of time or amount of wages of such person," in no degree assists plaintiff. The object of this provision was clearly to protect the city against the claim of any one who might contend that by reason of his election he was entitled to serve for any particular time or at any particular compensation. One elected to a position in the department acquired, as claimed by plaintiff, a "*status*" thereby, but it was a *status* that could be terminated by the board of education at any time, subject to the limitations already mentioned.

It is contended that the findings show an irregularity in the proceedings of the classification committee, in that the majority report had not been adopted at any formal meeting of the committee, it having been prepared and signed by a majority, and without prior consultation with the third member, was presented to him for signature. A sufficient answer to this contention is, that in the absence of a favorable report of the committee as to an incumbent, there is no limitation on the power of the board to remove the incumbent.

In view of our conclusion as to the proper construction of the charter provision, it is not necessary to determine whether the specific findings show that plaintiff was a "permanent teacher," nor is it necessary to consider the suggestion of

defendants to the effect that the charter provisions are in conflict with the general state law relative to common schools. The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.