[No. 13.   First Appellate District.—June 22, 1905.]

ELIZABETH BRADLEY, Appellant, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

SCHOOL LAW—TENURE OF TEACHERS—SPECIAL CITY CERTIFICATES.—The holders of special city certificates specified in the last sentence of section 1793 of the Political Code are not within the protection of the tenure of office clause provided for in the first part of that section in favor of the holders of city certificates in general. The holder of a special city certificate as teacher of industrial drawing may be dismissed without cause.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Crandall & Bull, and H. M. Barstow, for Appellant.

Percy V. Long, City and County Attorney, and W. I. Brobeck, Assistant, for Respondent.

HALL, J.—This is an appeal from a judgment against appellant on a demurrer to her petition for a writ of mandate, to be directed to the board of education of the city and

county of San Francisco, requiring said board to restore her to the position of regular teacher of industrial drawing in the public schools of said city and county.

Appellant's petition alleges that ever since the sixth day of December, 1875, she was the holder of a drawing-teacher's city certificate, issued, and from time to time renewed, by said board of education, authorizing her to teach drawing in the public schools of said city and county. That on the eighth day of July, 1891, she was duly elected a regular teacher of industrial drawing in the department of schools of said city and county, and so continued until the first day of June, 1897, when her position was by the said board of education declared vacant, and she was by said board dismissed from her said position, without any charges or complaint being made of insubordination, unprofessional conduct, profanity, intemperance, or unfitness for teaching. Her salary as such teacher of industrial drawing at the time of her dismissal was one hundred and forty dollars per month.

Whether or not appellant brings herself within the protection, as to tenure of office or position, of section 1793 of the Political Code and the rule laid down in the Kennedy case (82 Cal. 483) is the question presented for decision.

The power to employ teachers is given to city boards of education by section 1617 of the Political Code, which, as was said in *Kennedy* v. *Board of Education*, 82 Cal. 483, "confers upon boards of education unlimited power to employ teachers, and contains no restrictions upon their right to dismiss or remove for or without cause." It is contended, however, that by the provisions of section 1793 of the Political Code appellant was protected from dismissal except for causes therein specified duly ascertained and approved by the board of education.

At the time of appellant's dismissal that section read as follows: "The holders of city certificates are eligible to teach, in the cities in which such certificates were granted, in schools of grades corresponding to the grades of such certificates, and when elected shall be dismissed only for insubordination or other causes, as mentioned in section seventeen hundred and ninety-one of this act, duly ascertained and approved by the board of education of said cities; and city superintend-

ents of public schools elected by city boards of education shall be elected for a term of four years; and said city boards of education shall have full power to fix the salary of all employees. The holders of special city certificates are eligible to teach the special studies mentioned in their certificates in all the schools in the city in which such certificates were granted.''

It is perfectly obvious from an examination of this section that the eligibility to teach of holders of *general city certificates* is fixed by the first sentence of the section, while the eligibility to teach of the holders of *special city certificates* is fixed by the last sentence in the section.

It seems equally obvious that the teachers whose tenure of position is fixed by the first sentence are the same teachers whose eligibility to teach is fixed by the same sentence. The language is: ''The holders of city certificates are eligible to teach, in the cities in which such certificates were granted, in schools of grades corresponding to the grades of such certificates, and when elected shall be dismissed only for insubordination or other causes,'' etc. This language deals with the same class of teachers both in fixing the eligibility to teach and in fixing the tenure of position. That the legislature did not intend by this language to lay down any rule as to holders of special city certificates is evident from the subsequent portion of the section, for, after providing for the election and tenure of office of superintendents of public schools and the fixing of salaries of all employees, it takes up the matter of holders of special city certificates, and in a distinct sentence provides for their eligibility to teach, but makes no provision as to their tenure of office or position. Appellant not having shown herself the holder of a general city certificate, but of a special certificate only,—that is to say, of a drawing-teacher's certificate,—we do not think that she is within the protection of section 1793 of the Political Code as to the tenure of her position.

The judgment is affirmed.

Cooper, J., and Harrison, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 18, 1905.