[S. F. No. 4643.   Department One.—April 27, 1908.]

## F. K. BARTHEL, Respondent, v. BOARD OF EDUCATION OF THE CITY OF SAN JOSE et al., Appellants.

Public Schools—Teacher Holding City Certificate—Removal.— Under section 1793 of the Political Code, one holding a city certificate who is elected as a teacher in the public schools of the city for an indefinite term cannot be removed except for causes mentioned in that section and in section 1791 of that code.

Id.—Teacher not Holding City Certificate.—Neither section 1793 of the Political Code, nor any other provision of the general state law precludes a city board of education from removing at pleasure a teacher who does not hold a city certificate.

Id.—Election and Dismissal of Teachers—Municipal Affairs.—The election and dismissal of teachers in the public schools are not "municipal affairs," which may, by a freeholders' charter, be regulated in a manner in conflict with that provided by the general law.

Id.—Charter of San Jose—Probationary Teacher—Power of Board of Education to Drop.—Under section 13 of article IX of the charter of the city of San Jose, as amended in 1901, a probationary teacher, that is one in his first or second year of service in the

school department, who was appointed without holding a city certificate, can be dropped from the department by the board of education only on the adverse report of the classification committee.

APPEAL from a judgment of the Superior Court of Santa, Clara County.  A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

F. B. Brown, John E. Richards, and F. H. Benson, City Attorney, for Appellants.

Partridge & Jacobs, for Respondent.

SLOSS, J.—The plaintiff, in November, 1902, applied to the superior court of Santa Clara County for a writ of mandate requiring the board of education of the city of San Jose, and its members, to admit plaintiff to the position of principal of the Washington School in said city, or an equivalent position, and to draw its order upon the proper officer directing the payment to plaintiff of three months' salary as such teacher.  Plaintiff's claim was that he had in July, 1902, been elected and employed as a teacher in the San Jose school department, and that the defendants had prevented him from performing his duties as such teacher.  The salary claimed was at the rate of one hundred dollars per month for the months of July, August, and September, 1902.

An alternative writ issued, and, the defendants answering, the matter came on for hearing.  The court made findings upon which it entered judgment awarding plaintiff a peremptory writ of mandate as prayed.  This judgment was entered in November, 1903.  In the meanwhile, the plaintiff had at the expiration of the school year been duly removed by the board of education.  These facts were shown to the court by the defendants, and, upon their motion, an order was made limiting the writ of mandate so that it omitted any direction requiring the reinstatement of plaintiff, but merely directed the board to draw its order upon the proper officer for the payment to plaintiff of the three months' salary claimed by him.

The defendants appeal from the judgment.  There is no bill of exceptions, and the sole question is whether, upon the

facts alleged and found, the plaintiff was entitled to the writ directing the payment of the salary in question.

That the findings are responsive to the issues made by the pleadings is not questioned, and it will be sufficient, therefore, to briefly state the facts as found. On July 2, 1902, the board of education of the city of San Jose duly granted to plaintiff a city grammar-grade certificate, authorizing him to teach in any of the common public schools of said city. On the same day, and after the granting of said city certificate, plaintiff was, by said city board of education, duly elected and employed as a teacher in the schools of said city, "without any term specified." He had, on the thirtieth day of June, 1902, and again on the second day of July, 1902, prior to the granting of his city certificate, by separate orders of the board, been elected and employed as a teacher in the school department for the school year ending June 30, 1903, and had been assigned to the position of principal of the Washington School. The salary attached to such position was twelve hundred dollars per year, payable in equal monthly installments.

On July 30, 1902, the board passed an order purporting to remove and dismiss plaintiff, and to set aside the election of June 30, 1902. On August 5, 1902, said board adopted a resolution purporting to remove and dismiss all teachers (including plaintiff) elected on July 2, 1902. Plaintiff did not receive any notice prior to either attempted removal. No charges of any kind have ever been filed or made against him. On September 10, 1902, the schools in the city of San Jose were opened for the ensuing school year. Plaintiff presented himself at the Washington School, ready, able, and willing to perform his duties as principal, and has ever since been willing to perform these duties or those of a similar position, but the defendants have prevented him from so doing. His demand that he be permitted to perform such duties and for the payment of his salary, have been refused.

The contention of the appellants is that the plaintiff was rightfully removed by virtue of certain provisions of the charter of the city of San Jose. In so far as plaintiff's rights are based on his election of July 2, 1902, for an indefinite term, it is difficult to see how this contention can be maintained, in view of the fact that at the time of such election

the plaintiff was the holder of a city certificate, and as such was, by section 1793 of the Political Code, protected from removal except for causes mentioned in that section and in section 1791. (*Kennedy* v. *Board of Education,* 82 Cal. 483, [22 Pac. 1042]; *Fairchild* v. *Board of Education,* 107 Cal. 92, [40 Pac. 26].) It is not, and cannot be, claimed that the election and dismissal of teachers in the public schools are "municipal affairs," which may, by a freeholders' charter, be regulated in a manner in conflict with that provided by the general law. (See *Kennedy* v. *Miller,* 97 Cal. 429, [32 Pac. 558]; *Mitchell* v. *Board of Education,* 137 Cal. 372, [70 Pac. 180].)

It may be argued, however, that plaintiff's assignment to the particular position carrying the salary claimed, took place before his receipt of a city certificate, and that his right to recover such salary must rest on his election antedating such certificate. For the purposes of the present case we may assume this view to be correct.

Neither section 1793 of the Political Code nor any other provision of the general state law precludes a city board of education from removing at pleasure a teacher who does not hold a city certificate. (*Stockton* v. *Board of Education,* 145 Cal. 247, [78 Pac. 730].) We must look, then, to the charter of San Jose to see whether plaintiff, viewed as a teacher appointed without holding a city certificate, was removed pursuant to the provisions of that instrument.

The two elections of plaintiff taking place prior to his receipt of a city certificate in terms limited his employment to the school year ending June 30, 1903. Such limitation was valid. (*Marion* v. *Board of Education,* 97 Cal. 607, [32 Pac. 643].) Here, however, the board sought to dismiss the plaintiff from the department before the expiration of the school year. The charter provisions relied on to sustain its action are found in article IX of the charter. Section 5 of this article gives to the board of education power to employ, pay, and dismiss teachers, janitors, school census marshals, and such other persons as may be necessary to carry into effect the powers and duties of the board . . . "provided, that no election of a teacher or other person employed by the board shall be construed as a contract, either as to the duration of time or amount of wages of such person." (Stats. 1897, p.

621.)    This section, standing alone, would probably authorize
the board to dismiss teachers or other employees at will, but
it is limited by section 13, reading as follows:—

"Teachers during their first and second years of service in
the department, and all special teachers, shall be classed as
probationary teachers, and may be dropped from the depart-
ment on the adverse report of the classification committee by
a vote of a majority of the board.

"Teachers who have been assigned to duty for more than
two years, other than special teachers, shall be classed as per-
manent teachers, and shall hold their positions without re-elec-
tion until removed in the manner hereinafter provided.

"No teacher shall be removed save at the close of the
school year, who has not had at least one month's notice of
such contemplated action, nor shall any teacher's salary be
reduced, except when there is a corresponding reduction made
in all the salaries in the same grade.    A permanent teacher
may be removed for cause by a majority vote of the board
of education or upon the recommendation of the city superin-
tendent and a vote of a majority of the board, or by a vote
of four members of the board; a vote for removal shall be
taken by ayes and noes, and the vote recorded in the min-
utes."    (Stats. 1901, p. 957.)

Section 13 of article IX of the San Jose charter, as origi-
nally adopted, was construed in *Stockton* v. *Board of Educa-
tion,* 145 Cal. 347, [78 Pac. 730], but the section there con-
sidered was amended in 1901, and now reads as above set
forth.

Under this section the plaintiff, who was in the first year
of his service, is to be classed as a probationary teacher.
While there does not appear to be any great difference
between "dropping" a teacher from the department, and
"removing" him, so far as the effect on the teacher is con-
cerned, the section does apply the latter term only to perma-
nent teachers, and it is reasonable to infer that the clause
protecting teachers from removal without prior notice, except
at the end of the school year, was intended to refer only to
permanent teachers.    The purpose of the section, as regards
teachers newly appointed, is to provide a period, during
which they are on trial or probation, to be retained if their
work is satisfactory, or dismissed if they fail to show their

fitness to the satisfaction of the board. During this period of probation their tenure must necessarily be uncertain. They may, long before the expiration of a year, prove their inability to do the work required of them. To hold that, in such case, they must have a month's notice of the contemplated dismissal would bring about a result which is not required by the language of the section and seems at variance with its purposes. The facts that no charges had been made against plaintiff and that he had received no prior notice of a contemplated removal did not, therefore, prevent his being dropped from the department.

But, under any construction that can be given to section 13, the power to "drop" a probationary teacher is not absolute. Authority to take such action is given to the board, or a majority of its members, only "on the adverse report of the classification committee." During the year for which plaintiff was appointed by the orders antedating his certificate, an adverse report of this committee was the condition upon which depended the power of the board to dismiss him. One of the issues raised by the pleadings was whether or not every step necessary to give the board jurisdiction to remove plaintiff had been taken. While there is no finding dealing specifically with the matter of an adverse report by the classification committee, the findings, read as a whole, may fairly be said to show that no such report had been adopted. This construction should be given to the findings, in order that they may support the judgment. (*People* v. *McCue,* 150 Cal. 195, [88 Pac. 899].)

It follows that, regardless of the effect of the city certificate, the plaintiff, who had been duly elected for the year ending June 30, 1903, was not legally removed from his position, and was therefore entitled to an order for the payment of the salary demanded.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.