[Civ. No. 2011. First Appellate District.—June 20, 1918.]

## A. R. CATANIA, Appellant, v. BOARD OF EDUCATION OF THE CITY OF OAKLAND et al., Respondents.

SCHOOL LAW—DISCHARGE OF TEACHER—CITY OF OAKLAND—POWER OF BOARD OF EDUCATION.—The board of education of the city of Oakland had unrestricted and absolute power to discharge a teacher in its school department for the ensuing fiscal year by giving the notice required by section 1617, subdivision 7b (now section 1609),

of the Political Code, and *mandamus* will not lie to compel such board to reinstate a teacher dismissed for violating a rule of the board which provided that when a woman employee married, her position should become vacant.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Gerald H. Catania, and W. W. Sanderson, for Appellant.

W. H. L. Hynes, District Attorney, and Walter J. Burpee, Assistant District Attorney, for Respondents.

KERRIGAN, J.—Plaintiff herein by mandate sought reinstatement in the school department of Oakland, and for her salary, amounting to the sum of one thousand two hundred dollars a year, during the time she had been deprived of her alleged right to teach. In the court below, after trial, the writ was denied, findings were waived, and judgment was had that plaintiff take nothing by her action.

From the facts it appears that the city of Oakland is organized under section 1576 of the Political Code as Oakland School District of Alameda County, and is governed by a city board of education elected under a freeholders' charter. Plaintiff, A. R. Catania, had for a number of years prior to July 30, 1916, been regularly employed by said district as a school-teacher. Previous to September 20, 1915, she had been a single woman, but on that date she intermarried with Gerald Catania. The Oakland board of education had a rule, adopted in 1913, which provided in substance that when a woman employee married, her position should become vacant. Petitioner having placed herself within the operation of this rule, the board of education by resolution decided that it would no longer employ plaintiff, and written notice to this effect was served upon her.

The statute relating to the employment and discharge of teachers was at that time found in subdivision 7b of section 1617 of the Political Code, but is now contained in section 1609 of that same code by amendment of 1917, and reads as follows:

"The powers and duties of trustees of common school districts, and of boards of education in city school districts are as follows: . . .

"(b) To employ the teachers, and immediately notify the county superintendent of schools, in writing, of such employment, naming the grade of certificate held by the teacher employed; also to employ janitors and other employees of the school; to fix and order paid their compensation, unless the same be otherwise prescribed by law; provided, that no board shall enter into any contract with such employees to extend beyond the close of the next ensuing school year; except that teachers may be elected on or after June 1st for the next ensuing school year, and each teacher so elected shall be deemed re-elected from year to year thereafter unless the governing body of the school district shall on or before the 10th day of June give notice in writing to such teacher that his services will not be required for the ensuing school year: Such notice shall be deemed sufficient and complete when delivered in person to the teacher by the clerk or secretary of the governing body of the school district, or deposited in the United States mail with postage prepaid addressed to such teacher at his last known place of address," etc.

The charter of the city of Oakand contains a similar provision upon this subject.

On June 8, 1916, the board of education passed a formal resolution providing that the services of certain teachers and employees of Oakland school district would not be required during the ensuing fiscal school year beginning July 1, 1916, and directed its secretary to give the statutory notice. Appellant was one of the teachers whose services were thus dispensed with. The general law and the charter provision are in conflict with reference to the time such notice should be given. Notice was given under section 1617 of the Political Code, and no question is raised as to the sufficiency of the notice in point of time.

Shortly after receiving this notice plaintiff addressed a letter to the board asking why she was dismissed. The secretary was directed by the board to reply by quoting to her the rule regarding the employment of married teachers. The rule is as follows: "In case of the marriage of a woman employed by the board of education, her position shall at once become vacant."

At the next ensuing school term the board declined to permit plaintiff to teach. There had been no abolition nor consolidation of classes in the grade taught by plaintiff, and the class which plaintiff had taught was in charge of another teacher.

The question then presented for consideration is the validity of the board's action in discharging plaintiff.

The grounds upon which appellant relies for a reversal are two:

1. That the board of education was guilty of abuse of discretion in discharging plaintiff.

2. That under the statute plaintiff is entitled to her position until her services are no longer "required," subject only to removal for insubordination or other causes specified in section 1793 of the Political Code.

With reference to the first contention it is the claim of petitioner that the rule, for the violation of which she was dismissed, is illegal and void, as it operates as a restraint upon marriage, and also discriminates against women, and in this respect violates the direct inhibition of article XX, section 18, of the state constitution, which provides: "No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation, or profession."

She further claims that the rule is unreasonable and oppressive, for the reason that no educator has ever advocated the disqualification of married women as teachers, but, on the contrary, experts in pedagogy have warned against the present tendency to leave the instruction of our youth entirely in the hands of unmarried women, and have demanded a wider field in our educational system for the larger and broader and more sympathetic outlook of the teacher who has become a wife and, perhaps, a mother.

Whatever the views of educators may be upon this subject, we are concerned only with the validity of the board's action in discharging plaintiff.

It is a general rule that courts will not by *mandamus* disturb decisions and actions of subordinate boards and officers having discretionary powers. It is true that in the exercise of such powers an officer will not be permitted to act arbitrarily or capriciously. If, therefore, the statute contemplates that a dismissal must be for some reasonable cause,

then the board is subject to judicial check in the exercise of its power of removal. In the absence of constitutional or statutory provisions, however, the power to discharge is always absolute. Here no civil service in relation to school district employees, of which plaintiff was one, is contemplated. On the contrary, there is no provision relating to the permanency of their tenure except that found in section 1617 of the Political Code and section 192 of the Oakland charter, and these sections provide for the manner of discharge, and contain no limitations upon its exercise except the statutory limitation as to time. If the contention of appellant be correct, teachers in a like position with appellant have the benefits of civil service rights and permanency of tenure. We are cited to the case of *Richards* v. *District School Board,* 78 Or. 621, [Ann. Cas. 1917D, 266, L. R. A. 1916C, 789, 153 Pac. 482], as insuring such tenure. There a teacher was dismissed under a rule similar to the one here involved; but in that case the board was authorized to dismiss only for good cause shown, and it was for this reason that reinstatement was had. It was there held, however, in referring to the first section of the statute involved—which provided that the board should have power and authority to appoint and remove, hire, and discharge all teachers and employees—that if this section stood alone, there would be ample reason to support the contention that the power to dismiss was unrestricted. Here the right of removal stands alone; and it has been uniformly held in this state that boards of education may exercise an unlimited discretion in the employment and dismissal of teachers under like employment with appellant (*Kennedy* v. *Board of Education,* 82 Cal. 483, [22 Pac. 1042] ; *Barthel* v. *Board of Education,* 153 Cal. 376, [95 Pac. 892] ; *Stockton* v. *Board of Education,* 145 Cal. 246, [78 Pac. 730] ; *Loehr* v. *Board of Education,* 12 Cal. App. 671, [108 Pac. 325] ). This being so, it follows that the power of the board to discharge plaintiff was unrestricted and absolute.

The second contention, that school-teachers now have, under the statute, a permanency of tenure, subject, first, to the power of the board to remove at any time for insubordination, etc., under section 1793 of the Political Code, and, second, at the end of the school term when it is determined that, by reason of consolidation of classes, closing

of schools, etc., her services will no longer be needed, is without merit. The use of the word "required" was intended merely to designate the period in which the persons enumerated would be permitted to hold in the pleasure of the board, and was never intended to insure any permanency of tenure beyond the period stated. The legislation clearly shows this intent. The argument that this construction might lead to a wholesale change in the personnel of the teaching force lends no weight. This is possible though, as counsel suggests, fortunately not common in the field of education. If the legislation is not wise, it is not our province to alter it. The remedy is elsewhere.

The judgment is affirmed.

Beasly, J., *pro tem.*, and Zook, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1918.