[S. F. No. 15120. In Bank.—October 30, 1934.]

MARIE G. KLEIN, Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, and Irving G. Breyer for Appellants.

Francis W. Murphy for Respondent.

WASTE, C. J.—The Board of Education of the City and County of San Francisco, and its constituent members, appeal from a judgment directing the issuance of a peremptory writ of mandate commanding them to restore respondent to her position and status as a permanent vice-principal teacher in the elementary schools of said city and county.

In October, 1904, respondent, having served her probationary period of two years, was elected a permanent teacher in such schools, without limitation as to time. Thereafter and on August 16, 1921, after two years' probationary service, she was elected vice-principal in such schools, without limitation as to time. The resolution covering the latter appointment declared that the persons therein named, among whom was respondent, "having served their probationary periods as vice-principals in a manner satisfactory to their principals, to the office of the Superintendent of Schools and to the Schools Committee, be and they are hereby elected

regular vice-principals in the elementary schools of this Department.'' Respondent was thereafter for ten years continuously employed as a vice-principal teacher in various elementary schools to which she was assigned, and as such performed the supervisory and administrative functions of a vice-principal and taught classes daily. On August 11, 1931, the appellant board dismissed her as a vice-principal but retained her as a teacher. Such action was not taken for any cause for which the law authorized the board to dismiss the holder of a permanent tenure.

Respondent's tenure as vice-principal, but not as a teacher, is here involved. The question for decision is whether respondent had previously acquired a tenure which prevented her dismissal except for cause.

Respondent contends that the former section 1793 of the Political Code, in effect at the time of her election as vice-principal, gave her such tenure. In support thereof she relies mainly on *Kennedy* v. *Board of Education,* 82 Cal. 483 [22 Pac. 1042], construing said section. The appellants deny that a vice-principalship is a position to which the state law attaches any permanency of tenure and contend that having been retained as a teacher in the elementary schools respondent has not been reduced in ''grade'' within the meaning of the Kennedy case, *supra.*

At the time of respondent's election as a vice-principal teacher on August 16, 1921, subdivision 1 of section 1793 of the Political Code provided that the ''holders of city, or city and county, certificates are eligible to teach in cities, or cities and counties, in which such certificates were granted, in schools or classes of grades corresponding to the grades of such certificates and when elected shall be dismissed only for insubordination or other causes, as mentioned in section 1791 of this code, duly ascertained and approved by the boards of education of such cities, or cities and counties''. The language of this subdivision has remained substantially the same from its enactment in 1881 to its repeal by the School Code of 1929. (*Anderson* v. *Board of Education,* 126 Cal. App. 514, 516 [15 Pac. (2d) 774, 16 Pac. (2d) 272].) Of course, any tenure previously acquired by respondent was a vested right and remained unaffected by such repeal. (*Gastineau* v. *Meyer,* 131 Cal. App. 611 [22 Pac. (2d) 31].) In fact, section 5, of the

preliminary provisions of the 1929 School Code recognized and continued previously acquired tenure.

In the Kennedy case, *supra*, relied on by respondent, this court had occasion to interpret the provisions of section 1793, *supra*, set forth above, and it was therein held that they granted tenure after election, without time limitation, to a principal teacher of the San Francisco elementary schools. In that case the petitioner had been removed without cause from her position as principal teacher of the North Cosmopolitan Grammar School and assigned to the position of principal teacher of Ocean View School, a school of lower grade, and at a reduced salary. In the course of its decision this court preliminarily declared that section 1617 of the Political Code conferred on city boards of education, as distinguished from boards of trustees of school districts, unlimited power to employ teachers and that inasmuch as the petitioner therein had been "elected precisely as provided in this section [1793, *supra*], without limitation as to time . . . the power of the board of education to remove her is expressly and plainly limited . . . to the causes named in the section".

This decision was followed under similar facts in *Fairchild* v. *Board of Education*, 107 Cal. 92 [40 Pac. 26], and was approved in *Barthel* v. *Board of Education*, 153 Cal. 376 [95 Pac. 892]. We think its reasoning and conclusion is determinative of the present proceeding.

Apparently in view of the fact that the provisions of section 1793, *supra*, as construed in the Kennedy case, related and granted tenure only to those who held "city, or city and county" certificates, a state-wide teachers' tenure was provided in 1921 (Stats. 1921, p. 1663) by amendment to section 1609 of the Political Code, into which the former section 1617, *supra*, was transposed. This amendment to section 1609 became effective fourteen days prior to respondent's election as a vice-principal teacher. We find nothing in its provisions nor in the case of *Bland* v. *Board of Trustees*, 67 Cal. App. 784 [228 Pac. 395], construing the same so as to preclude a principal from acquiring tenure and permitting dismissal of such principal arbitrarily after the expiration of the term for which he was elected, that in any way affects the ultimate disposition of the present proceeding. It is declared in the last-cited case that the amended section 1609, *supra*, evidences "an intent on the part of the

legislature to draw a distinction between a principal of a school and a principal teacher''. As stated in *Anderson* v. *Board of Education, supra,* 516, the decision in the Bland case, just above referred to, held that the 1921 amendment to section 1609 ''did not grant full tenure to a principal who·was not a 'teaching principal' as such principals [under the amended section 1609] could be elected for a definite period only''. A vice-principal is, for all material purposes, an assistant principal, having the same right of tenure as a principal and, therefore, if the amended section 1609 makes a distinction between a principal and a teaching principal, the same distinction should exist in favor of a vice-principal teacher, in the absence of a contrary intent expressed in the statute.

Moreover, in the Bland case, *supra,* wherein a general demurrer to the petition was sustained without leave to amend, there was no allegation as to the period of time for which the petitioner therein had been elected, nor did it appear that he had been engaged as a teacher or principal teacher. It should also be pointed out that the petitioner in that case had been appointed by the board of school trustees of a school district and not by a city board of education. He could not therefore rely on section 1793, *supra,* construed in the Kennedy case, above cited, for said section applied only to the holders of city certificates.

At the time of the arbitrary demotion of the respondent herein she had been serving for approximately ten years as vice-principal *teacher* of elementary schools in the city and county of San Francisco. To so arbitrarily reduce her status from that of vice-principal to that of teacher, with a consequent reduction in compensation, served to violate and destroy her right of tenure as such vice-principal teacher. We cannot accept appellants' conclusion that respondent was not reduced in ''grade'' because of her retention as a teacher in the elementary schools. In *Cullen* v. *Board of Education,* 126 Cal. App. 510 [15 Pac. (2d) 227, 16 Pac. (2d) 272], wherein we denied a hearing, it is held that ''this right of tenure is a right which the teacher enjoys to continue in the position or positions to which he has become elected under the statute—i. e., in a position or positions of a *rank* and *grade* equivalent to that occupied for the probationary period and to which the teacher has

thus become 'elected' under the statute". (Italics added.) To the same effect see *Anderson* v. *Board of Education, supra,* 521, wherein it is declared that "the tenure, therefore, runs to a position of employment, *or service,* of equal grade *and rank* to that to which the statutory classification has applied, and such is the settled rule of the Kennedy case".

Our conclusion herein is consonant with the provisions of section 135 of the recently enacted charter of the city and county of San Francisco (Stats. 1931, pp. 2973, 3057), effective subsequent to respondent's demotion, which now extends permanent tenure to "all teachers . . . vice-principals, principals . . . after they have been successfully employed in such positions in the school department for a probationary period of three years".

The judgment is affirmed.

Langdon, J., Preston, J., Spence, J., *pro tem.,* Shenk, J., Thompson, J., and Seawell, J., concurred.