[Civ. No. 2901. Third Appellate District.—June 17, 1925.]

## W. J. ALEXANDER, Respondent, v. MANTON JOINT UNION SCHOOL DISTRICT, Appellant.

[1] School Law—Dismissal of Teacher—Jurisdiction of Court to Review Cause — Abortive Attempt to Dismiss — Subsequent Hearing.—If the trustees have authority to dismiss a teacher for cause without a trial, then in case of a wrongful dismissal he would have a cause of action on his contract, and in such action the court would have jurisdiction to determine whether there was just cause for his dismissal; but if the trustees have not such authority their attempt to do so is abortive and, notwithstanding such attempt and the fact that they have employed another teacher in his place, the trustees may treat their prior attempted dismissal as a nullity and proceed anew to prefer charges, give notice thereof and have a hearing thereon.

[2] Id. — Discharge of Teacher — Right to Maintain Action in Court.—Under subdivision 5 of section 1609 of the Political Code, as amended in 1921, upon the discharge of a teacher for any alleged cause, he is entitled to maintain an action in court to determine the truth or falsity of the charges preferred against him.

[3] Id.—Offer to Prove Truth of Charges—Limitation of Evidence.—In this action for damages for alleged breach of contract of employment as principal in a union school district, defendant's offer to prove the truth of the charges preferred against plaintiff by "independent testimony and without reference to the decision of the school board" was sufficient, in view of the circumstances that plaintiff had insisted at the trial that evidence was admissible to prove the truth or falsity of said charges, but the trial court repeatedly declared to the contrary, and sustained plaintiff's objection to a question put to the county superintendent of schools relative to the truth of one of the charges against plaintiff, and, following the denial of defendant's offer and without waiting for defendant to close its evidence, on motion of plaintiff, the court directed the jury to find for plaintiff.

(1) 35 Cyc., p. 1093, n. 21, 22. (2) 35 Cyc., p. 1094, n. 35 New. (3) 38 Cyc., p. 1334, n. 8, p. 1388, n. 82.

APPEAL from a judgment of the Superior Court of Tehama County. K. S. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

Fred C. Pugh, Jesse W. Carter and Curtiss E. Wetter for Appellant.

M. J. Cheatham for Respondent.

FINCH, P. J.—The plaintiff was given judgment and the defendant has appealed therefrom.

The complaint alleges that on or about the twelfth day of May, 1923, the plaintiff and the board of trustees of the defendant district "entered into an agreement whereby plaintiff was employed as principal in the said Manton Joint Union School District at a salary of two thousand dollars per year payable as follows: $200 per month for ten months beginning such payments on October 3rd, 1923; . . . that pursuant to said agreement plaintiff performed the duties of principal of said Manton Joint Union School District continuously from the 10th day of September, 1923, to the 10th day of March, 1924, at which time the said board of trustees wrongfully and without any cause discharged plaintiff and refused to permit him to perform the duties of principal any longer; . . . That under said agreement said board, of trustees have paid plaintiff the sum of twelve hundred dollars and no more, and by reason of the discharge of plaintiff as aforesaid, plaintiff has been damaged in the sum of eight hundred dollars."

The answer admits the employment and the performance by the plaintiff of services thereunder up to the tenth day of March, 1924, as alleged in the complaint; denies that the board of trustees "wrongfully . . . or without cause, or at all discharged plaintiff on the 10th day of March, 1924"; alleges that the board of trustees, "on the 24th day of March, 1924, dismissed plaintiff for unprofessional conduct, incompetency, evident unfitness for teaching, and persistent violation of and refusal to obey the school law of California and reasonable rules prescribed for the government of public schools in the County of Tehama"; and admits that "plaintiff is entitled to be paid his salary under the provisions of his contract of employment for the period from March 10th to March 24th."

As a further and separate defense, the answer alleges that "during the school year of 1923, and to and including the 10th day of March, 1924, plaintiff was guilty of . . . un-

professional conduct, incompetency, evident unfitness for teaching, persistent violation of and refusal to obey the school laws of California, and the reasonable rules prescribed for the government of public schools of the County of Tehama; that on the 12th day of March, 1924, charges were duly preferred in writing against plaintiff . . . for the causes in paragraph II hereof set forth, a copy of which charges is hereto annexed . . . and made a part hereof''; that a copy of such charges and a notice of the time and place of hearing to be had thereon were duly served upon the plaintiff; that said hearing was had March 24, 1924, and "witnesses were called and sworn and gave testimony in proof of said charges and . . . said board of trustees upon the affirmative vote of a majority thereof, all of whom had been present throughout the entire hearing, sustained charges and dismissed plaintiff as principal of said school.''

The charges against plaintiff, referred to in and made a part of the answer, were dated March 12, 1924, and signed by three of the five trustees of the district and, among other things, contained the following:

"To W. J. Alexander, Principal of Manton Joint Union School District of Tehama County, California. . . .

"You will please take notice that the board of trustees . . . request and demand your resignation and dismissal as principal of said Manton Joint Union School District for the following causes and upon the following grounds committed and suffered to be done by you for the school year 1923–1924 in the manner following, to-wit: . . . cursing and using profane and opprobrious language towards and addressed to a trustee of said district in the presence of said trustee and in the presence of the pupils of said district on the school grounds; . . . continuously disobeying the orders and requests of said board of trustees . . . to maintain order on the school grounds; . . . incompetence by reason of defective hearing; . . . refusing to discuss school problems with the superintendent of schools of Tehama County regarding the benefit and welfare of the school, and by waving an iron ramrod over her head.''

February 25, 1924, plaintiff was served with a notice, signed by the three trustees who later signed the aforesaid charges, reading as follows: "You are hereby notified that your services will not be required after March 10, 1924.''

March 12, 1924, he was served with a second notice, signed by the same trustees, reading as follows: "You are hereby again notified that our action on February 25, 1924, asking and demanding your dismissal, is final, and your services discontinued from that date. You will, therefore, be governed accordingly." After giving the latter notice, the trustees employed another person as principal and put him in charge of the school.

The county superintendent testified that she was present at the hearing on March 24, 1924; that witnesses "were sworn and examined as to the charges"; that the trustees then "withdrew to another room and talked over the matter, and when they came back they announced that they found the charges to be sustained, and they were of the opinion that Mr. Alexander should not be continued in the school, and that he had been discharged two weeks before." One of the trustees, who appeared as a witness at the trial, was asked by counsel for defendant to state what findings the board made at the hearing. Counsel for plaintiff objected to the question upon the ground, among others, that there is "no provision of the law for the trial of the question." The court said: "It appears that some two weeks before this trial was had this teacher had been dismissed by the board and another teacher had been installed in his place, and that such teacher was teaching at the time the trial was had. . . . It would appear to me that it is immaterial to prove the trial was had afterwards." Thereafter the following took place: "Mr. Pugh: I offer to show that the discharge of the plaintiff by formal findings on the 24th day of March, 1924, at the conclusion of the hearing—that that was final. The Court: You make that as an offer? Mr. Pugh: Yes. The Court: Denied. Mr. Pugh: I now offer to prove by independent testimony and without reference to the decision of the school board on March 24th, that on the dates on which the two letters were written by the school board to plaintiff the causes of dismissal specified in paragraph 'j' of section 1609 of the Political Code existed and that plaintiff, not being a permanent teacher, was not entitled to a trial upon written charges and upon notice. The Court: Denied. Mr. Cheatham: We ask that the jury be directed to bring in a verdict for the plaintiff. The Court: That will be the order." The court thereupon instructed the jury "to find

a verdict in favor of the plaintiff and against the defendant in the sum of $800.''

Prior to the proceedings last narrated, the court had clearly stated its interpretation of the law applicable to the case. The county superintendent was asked whether she had ''had any difficulty in getting Mr. Alexander to obey and enforce the rules promulgated by the county board of education.'' In sustaining an objection to the question the court said: ''That should have been determined . . . by a trial body of which the school superintendent is not a member.'' Thereafter the following occurred: ''Mr. Cheatham: The original evidence should be introduced here. The Court: I don't think it should. The hearing should be before the board of trustees, and they are to determine the question as to whether or not those charges are sustained. . . . Mr. Cheatham: That would not bind the court—what the evidence was before that board. The Court: I think it does. They have the right to determine the question. . . . I think that is final, except an appeal to the . . . county school superintendent. . . . I don't think this court would have any right to hear the testimony going to the truthfulness or untruthfulness of the charge preferred against him. That is a matter for the trustees of the district.''

From the whole record it clearly appears that the court decided the case upon the theory that the trustees had the right to dismiss plaintiff during the term of his employment for cause only, and after notice and a hearing as provided in section 1609 of the Political Code; that the court was without jurisdiction to determine the truth or falsity of the charges; and that, since the board had given plaintiff notice of dismissal without a trial and had placed another teacher in charge of the school, it had no authority to try him thereafter, because he was no longer a teacher in the school.

It is unnecessary to decide the proposition first stated. [1] If the trustees have authority to dismiss a teacher for cause without a trial, then in case of a wrongful dismissal he would undoubtedly have a cause of action on his contract, and in such action the court would have jurisdiction to determine, as in other alleged breaches of contract, whether there was just cause for his dismissal. If the trustees have not such authority, then the attempted dismissal of plaintiff was abortive, and the subsequent trial of the charges against

him was a proper procedure for the termination of the contractual relations between the parties. If the trustees had attempted to dismiss plaintiff, after a trial upon charges preferred against him, but upon insufficient notice, or without any notice of the hearing, it would hardly be contended that they might not thereafter treat their attempted dismissal as a nullity and proceed anew to a hearing, after a sufficient notice thereof. No reason appears why they could not pursue a similar course where no charges had been preferred, no notice given and no hearing had. In *White* v. *Wohlenberg*, 113 Iowa, 236 [84 N. W. 1026], it is said: "Plaintiff had a contract to teach for the term of one year. After she had been teaching for a time, charges were preferred against her, and, upon a hearing before the board, the charges were sustained, and plaintiff dismissed from her employment. From this decision of the board plaintiff appealed to the county superintendent, who reversed the action of the board, on the ground that plaintiff had been given no notice or opportunity to be heard. Plaintiff was not reinstated in her position, but new charges were at once filed against her by a member of the board, a time was fixed for their hearing, and due notice given her. . . . The decision of the county superintendent was not based on the merits of the case before him. He finds expressly that no notice was given plaintiff of the hearing. . . . This finding amounts to nothing more than a holding that the hearing before the board was a nullity. . . . The abortive attempt at a trial, when no jurisdiction was had of plaintiff, should not prevent a lawful hearing and legal judgment. Counsel say, if plaintiff had been reinstated in her position, this second proceeding might have been had, but that, inasmuch as the board did not recognize her as a teacher, it could not try her. This reasoning seems to us faulty. The board did recognize her as a teacher, although she was not permitted to perform duties as such. It was because she was acknowledged as a teacher, to whom the district was bound by contract, that the board desired this latter hearing. Plaintiff's contract rights can be cut off only by her discharge for cause, after a full hearing. If the cause exists, it would seem strange to deny the board the right to show it, merely because of a former hearing that was wholly illegal and void. We do not see how the question at issue here is

affected in any way by the fact that plaintiff was not again given her classes after the decision on appeal by the county superintendent. It was sought by these second charges to try her as a teacher to whom the district was still bound by contract. If this cannot be done, she will hold out her term, and recover her full compensation. We should, then, have the anomaly of a hearing, on which no legal judgment of conviction could be founded, operating as a full and complete acquittal." The foregoing reasoning is sound and is determinative of the question under consideration.

[2] There are cases holding that the dismissal of a teacher for cause, after a trial by the board of trustees on charges preferred against him, is final and conclusive. There are others holding that where the teacher is given the right of appeal to the superintendent of schools in case of his dismissal, such remedy by appeal is exclusive. Section 1698 of the Political Code provides for such an appeal. Section 1609, subdivision 5, as amended in 1921 (Stats. 1921, p. 1664), however, provides: "Nothing in this act shall be construed in such manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law." Section 1609 prescribes the grounds and the proceedings for the dismissal of a teacher for cause. It would be difficult to give the provision quoted any meaning other than that, upon the discharge of a teacher for any alleged cause, he is entitled to maintain an action in court to determine the truth or falsity of the charges preferred against him. The reasons which may have actuated the legislature in giving a teacher such right are well illustrated by the facts in this case. The trustees, as the representatives of one party to the contract, preferred the charges against plaintiff. One of the charges was abusive language towards a trustee who sat as a judge in the trial of plaintiff. Another charge constituted offensive and unmanly conduct towards the superintendent of schools, to whom the plaintiff had the right to appeal.

[3] Respondent contends that the appellant's offer to prove the truth of the charges preferred against plaintiff by "independent testimony and without reference to the decision of the school board" was a mere "offer to prove a conclusion of law without any offer to prove any fact from which such conclusion could be reached." No objection was

made by plaintiff at the trial to the form of the offer, but it was denied by the court and, without waiting for defendant to close its evidence, on motion of the plaintiff, the court directed the jury to find for the plaintiff. In *Biddick* v. *Kobler*, 110 Cal. 191, 196 [42 Pac. 578, 579], it is said: "A mere general 'offer' to prove a variety of things, without producing the witnesses or evidence whereby they are to be proved, or segregating the different items, is an improper method of presenting offered evidence, and should not be allowed unless by consent of parties. In the case at bar, however, the objection was not made upon the ground that the offer was an improper method; and therefore we will assume that this method was used by consent. And we think that the court below erred in sustaining the objection to appellant's said offer." From the parts of the record quoted herein, it clearly appears that counsel for plaintiff insisted at the trial, and he admits on this appeal, that evidence of the character designated by the defendant's general offer of proof was admissible, and that the court repeatedly declared to the contrary and stated, "I don't think this court would have any right to hear the testimony going to the truthfulness or untruthfulness of the charge preferred against him." The court also sustained plaintiff's objection to a question put to the county superintendent of schools relative to the truth of one of the charges against plaintiff. The effect of these declarations and this ruling was to limit the introduction of evidence to the other issues in the case. Under all the circumstances stated, it must be held that defendant's offer of proof was sufficient. (*Pastene* v. *Pardini*, 135 Cal. 431 [67 Pac. 681].)

The judgment is reversed.

Thompson, J., *pro tem.*, and Plummer, J., concurred.