[Civ. No. 3156.   Third Appellate District.—January 23, 1928.]

W. H. HOOPER, Respondent, v. C. R. WICKES et al., Appellants.

H. F. McGowan for Appellants.

W. T. Belieu for Respondent.

PLUMMER, J.—On the second day of June, 1923, the plaintiff was employed by the defendants, acting as Trustees of the Glenn County High School District, to serve as principal in the schools of said High School District. The written instrument evidencing such employment and the acceptance by the plaintiff thereof is in the words and figures following, to wit:

"Notice of Employment.

"To the Superintendent of Schools:

"You are hereby notified that the Board of Trustees or City Board of Education of Glenn County High School District in the County of Glenn and State of California, held a regular meeting on June 2, 1923, and employed W. H. Hooper, who holds a Certificate of the Secondary Grade, which is on file in our office, to serve as Principal in the schools of this High School District. The Board agrees to pay him a salary of Three Thousand Dollars ($3000.00) per year, payable as follows: In ten equal payments of $300.00, each payable at the end of each school month. The term of service agreed upon is ten months, and the time set for the opening of school is August 20th,

1923: The Board reserves the right to change the date of opening school.

"J. W. BIRCH,
"Trustee or Member City Board of Education.
"LULU WEST,
"Trustee or Member City Board of Education.
"S. W. CHANEY,
"Clerk or Secretary.

"Dated: June 2nd, 1923.

"I hereby accept the conditions stated above and agree to serve as Principal for the term specified above, unless released under the provisions of Subdivision 2 of Section 1609 of the Political Code.

"(Signed)                        W. H. HOOPER,
"Principal or Teacher.

"Witness Signature of Principal or Teacher,
"LOLA WOLCOTT."

Thereafter, and on the third day of December, 1923, said defendants, as the Board of Trustees of said High School District, entered an order dismissing the plaintiff from his employment and position as such principal. This action is for the recovery of the unpaid portion of the salary agreed to be paid the plaintiff as damages suffered by him on account of such dismissal.

After setting forth a number of preliminary matters, the plaintiff in this action alleges his employment as principal of the Glenn County High School District for the school year mentioned in the instrument in writing hereinbefore set forth; that pursuant to said contract and agreement plaintiff accepted and entered upon this employment as principal of said school and proceeded to discharge the duties incumbent upon him as principal thereof until dismissed by the defendants as herein stated. It is then further alleged that the defendants, acting as the Board of Trustees of said High School District, wrongfully and unlawfully breached said contract of employment, and without reason or cause, dismissed plaintiff as principal of said school, and thereafter refused to permit the plaintiff to resume the discharge of his duties under said contract as principal of said High School. The complaint then asks for damages in the sum of $2,100, being the unpaid portion of the salary mentioned in the contract or agreement of employment.

As a defense to this action the defendants, after admitting all the preliminary matters set out in the plaintiff's complaint deny the employment of the plaintiff for the school year embraced within the notice of agreement herein set forth, and further deny that the defendants, as Trustees of said High School District, or otherwise, unlawfully breached the contract of employment with the plaintiff, or without reason or cause dismissed the plaintiff as principal of said High School District, and by amended answer the defendants set forth that there was no lawful contract of employment between the plaintiff and the defendants, and further, that on the twenty-first day of November, 1923, written charges were filed with said defendants as the Board of Trustees of said High School District charging the plaintiff with unprofessional conduct, incompetence, evident unfitness to teach, and persistent violation and refusal to obey the school laws of the state of California and the reasonable rules prescribed for the government of public schools. That notice of the filing of said charges was served upon the plaintiff according to the law, and that thereafter a hearing was held upon said charges at which hearing plaintiff was represented by counsel, witnesses were sworn and examined, and at the conclusion of such hearing the defendants, as Trustees of said District, found the plaintiff guilty on all of said charges, and dismissed him as principal of the said Glenn County High School District, and duly notified him thereof.

Upon the hearing of this cause before the trial court the plaintiff introduced testimony showing his employment as principal of said High School beginning with May or June, 1920, and that he had continued as such principal until the time of his dismissal as hereinbefore stated. Considerable testimony was introduced as to the number of teachers employed in said schools which is not material to be considered herein. The testimony further shows that the plaintiff assumed his duties as principal under the contract of employment hereinbefore mentioned, during the latter part of August, 1923. The contract or notice of employment was introduced in evidence. The amount of money which had been paid the plaintiff on account of his salary of $3,000 per year, and the amount still remaining unpaid thereon was likewise proven. It was further shown by the testi-

mony that the plaintiff was at all times ready and willing to resume his duties as principal of said school during the time covered by the notice or agreement of employment. Upon cross-examination it was shown that the plaintiff, during the school year covered by the notice of employment, had earned a sufficient sum of money by reason of other employment to reduce his damages to the sum of $1,398.75 on account of the unpaid portion of the salary agreed to be paid to him in the event the court held plaintiff was entitled to recover. Judgment was entered in plaintiff's favor for said sum. Upon cross-examination and also as a part of the defendants' defense, the defendants introduced in testimony the following charges against the plaintiff filed with the defendants as the Trustees of Glenn County High School District, to wit:

"Board of Trustees of Glenn County High School District, Willows, California.

"Gentlemen:

"The undersigned hereby charges W. H. Hooper, the principal of the Glenn County High School at Willows, California, with unprofessional conduct, incompetence, evident unfitness for teaching, and persistent violation of the reasonable rules prescribed for the government of the schools by the State Board of Education and by the Board of Trustees of the Glenn County High School.'

"That said unprofessional conduct consists in the following acts on the part of the said W. H. Hooper: . . . in making erroneous statements in his report to the Superintendent of Public Instruction and to the County Superintendent of Schools, during the month of October, 1923, and also in making the statement to the Board of School Trustees of Glenn County High School District that the accounts of the student body had been audited by Mr. E. O. Talbott and himself, and that no indebtedness, except for a moving picture machine, existed, when as a matter of fact the accounts had not been so audited and numerous other debts are charged to said student body.

"That the persistent violation of the reasonable rules prescribed for the government of the schools by the State Board of Education and the Board of Trustees of the Glenn County High School consists in his failure and refusal to be at the schoolhouse of said Glenn County High

School District at the times specified and provided for in the rules of the State Board of Education, and the rules and instructions of the Board of Trustees.

"That the commission of the acts as charged above on the part of the said W. H. Hooper render him unworthy, incompetent, and unfit to hold the principalship of the school."

These charges were filed against the plaintiff with said Board of Trustees by C. R. Wickes, one of the members of said Board of Trustees, and one of the defendants herein. Other charges were filed against the plaintiff relating to acts of the plaintiff during a previous year, but neither such charges nor the action of the Board of Trustees taken thereon were admitted in evidence. ■ As the charges just referred to and the action of the defendants as the Board of Trustees of said High School District related to a period not included within the contract of employment involved in this action, we think that there was no error on the part of the court in excluding the same. The defendants also introduced in evidence the minutes of themselves while acting as a Board of Trustees passing upon the charges set forth herein, finding the plaintiff guilty.

No evidence whatever was introduced or offer made to introduce any evidence showing the truth of the charges preferred against the plaintiff, nor was any testimony whatever introduced to show that the defendants, as the Trustees of said High School District, had just, or any, cause to dismiss the plaintiff from his position and employment as principal of the High School of said District. The cause was submitted to the court simply upon the record showing the filing of charges and the verdict or conclusion of the defendants as the Board of Trustees of said School District acting thereon. Upon this state of the record the trial court entered judgment for the plaintiff as stated, and the defendants appeal.

■ The employment of plaintiff having been shown, his readiness to fulfill his part of the contract, and the breach of the defendants having been established by their dismissal of the plaintiff during the school year, does the simple offering in testimony of the charges preferred against the plaintiff, notice of the time of hearing, the fact of hearing, and the conclusion of the defendants acting as the Board

of Trustees of said District, constitute any defense to the action? Subdivision "J" of section 1609 of the Political Code empowers the trustees of a school district to dismiss a principal for one or more of the following causes, after a fair and impartial hearing, to wit: Immoral or unprofessional conduct; incompetence; evident unfitness for teaching; persistent violation of, or refusal to obey the school laws of California or reasonable rules prescribed for the government of public schools. This subdivision of the section is followed by others relating to procedure not material here for the reason that no question is raised as to the procedure in this cause. We come then to the subdivision pertaining to this action, which reads: "Nothing in this act shall be construed in such manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law." This subdivision of section 1609 of the Political Code was under consideration by this court in the case of *Alexander* v. *Manton Joint Union School District*, 73 Cal. App. 252 [238 Pac. 742], and this court, speaking through Mr. Presiding Justice Finch, said: "It would be difficult to give the provision quoted any meaning other than that upon the discharge of a teacher for any alleged cause, he is entitled to maintain an action in court to determine the truth or falsity of the charges preferred against him. The reasons which may have actuated the legislature in giving a teacher such rights are well illustrated by the facts in this case. The Trustees, as the representative of one party to the contract, preferred the charges against the plaintiff." In this particular the circumstances of the case at bar are exactly parallel with the circumstances presented in the Alexander case. One of the trustees preferred the charges, and also acted in the capacity of a trustee to determine their truth or falsity. Further considering the circumstances in the Alexander case, it appears that the respondent, the Manton School District, after offering the charges in evidence, offered to prove the truth of the charges preferred against the plaintiff by independent testimony without reference to the decision of the school board. To this offer the plaintiff objected. While the form of the offer in that case was not as clear and definite as might have been made, this court held that the trial court was in error in refusing to admit testimony to

show the truth of the charges preferred against the plaintiff, and that the trial court committed reversible error in excluding such testimony. The trial in the Alexander case proceeded upon the theory that the decision of the board of trustees upon the charges preferred was final and conclusive. The substance of the holding in the case of *Alexander* v. *Manton Joint Union School District, supra,* is that upon an action such as is being presented to us upon this appeal, the trial court is vested with authority to hear all pertinent testimony relative to the support of the charges preferred against the plaintiff as principal of the high school district, to show the propriety, correctness, and justness of the action of the board of trustees in ordering his dismissal. The holding in the Alexander case, as we read it, is also further to the effect that subdivision 5 of section 1609 of the Political Code lays the whole matter open before the trial court for inquiry and investigation as to the truthfulness of the charges, as though no testimony had been taken before the board of trustees and no action had thereon. The very wording of the subdivision seems to necessitate such holding in providing ''that nothing in this act shall be construed in any manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law.'' That is equivalent to saying that none of the provisions contained in section 1609 of the Political Code shall be so construed as to prevent a teacher from bringing an action for a violation of a contract held by him with a board of school trustees which necessitates the further holding, as would be the case in any ordinary action, that all that is necessary for a plaintiff to do is to prove the contract of employment, his readiness to perform and the breach by the opposite party. That is one of the rights included and referred to in subdivision 5 of said section 1609, because it is one of the rights given to a teacher just the same as to any other party to maintain an action for a violation of contract. The language of said subdivision of said section is also equivalent to saying that in such an action it is incumbent upon the party disavowing the contract to show that he is justified in such disavowal, as the rights guaranteed by said subdivision give to the teacher the same rights that are vouchsafed to other parties occupying contractual relations.

The form of the action does not appear to us to be at all decisive of the rights of the parties or as to proofs sustaining the action of either of the parties to the contract. That is to say, in any case a party breaching a contract must show good cause therefor. This is further illustrated in the case of *Goldsmith* v. *Board of Education,* 66 Cal. App. 157 [225 Pac. 783], where the subject matter of the dismissal of a school teacher was elaborately considered by this court in an opinion written by Mr. Justice Hart. A consideration of that opinion shows that while the action was one praying for a writ of mandate, the trial court had before it not only the charge preferred against the teacher, but also all the evidence upon which the decision of the board of education was based, and it was upon this evidence that the trial court held that the action of the board of education was amply supported, and upon appeal to this court it was held that such evidence supported the charge filed against the teacher, and the acts referred to in the testimony constituted acts condemned by the statute and affirmed the judgment of the trial court. While in form an action for a writ of mandate, all the testimony bearing upon the truthfulness of the charges preferred against the teacher was placed before the trial court just as we hold it should have been done in this case. It is not incumbent upon the plaintiff to prove a negative. As we have stated, occupying a contractual relation, all he was called upon to do in the first instance was to introduce proof showing employment, the term of the employment, his readiness to perform, and the breach on the part of the defendants, or their refusal to permit performance, and the burden of showing justification or excuse for such refusal was then cast upon the defendants. In other words, it was their duty to introduce testimony showing the truth of the charges upon which they had acted. The simple introduction of the charges and of their action thereon did not, under the subdivision of the section of the Political Code which we have referred to, tend to establish any defense, as the charges in and of themselves and the action of the defendants thereon prove nothing. It may be that the very fact that boards of school trustees frequently act in the capacity of complaining witnesses, prosecutors and judges induced the legislature to write into section 1609 of the Political Code the subdivision

544

which gives a teacher a right to prosecute his action for the violation of contract where the justification of the action of the board in dismissing a teacher and disavowing its contract must be established. By reason of the fact that the two cases from the district court of appeal which we have cited refer to practically all of the California cases relating to the dismissal of teachers, further citations are not herein given. It is sufficient to say that in whatever form the question has arisen, the facts appear to have been inquired into by the trial court, and we think such would have been the proper procedure in this case. We do not think that the appellants' contention that no contract of employment existed by reason of the action of the Board of Trustees on June 2, 1923, and the acceptance thereof by the plaintiff, is tenable, and therefore will not be discussed herein. No attempt having been made to introduce any testimony showing that the defendants, as the Board of Trustees of said High School District, were justified in their disavowal of their contract with the plaintiff and ordering his dismissal, it follows that the judgment of the trial court awarding damages suffered by the plaintiff must be and the same is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1928.

All the Justices present concurred.