[L. A. No. 10919. In Bank.—March 30, 1929.]

LOIS S. SAXTON, Respondent, v. BOARD OF EDUCATION OF LOS ANGELES CITY SCHOOL DISTRICT et al., Appellants.

Everett W. Mattoon, County Counsel, and Pierce Works, and C. B. Penn, Deputies County Counsel, for Appellants.

A. Alderson for Respondent.

George F. Snyder and George R. Nichols, *Amici Curiae* in Support of Respondent.

CURTIS, J.—The plaintiff was a teacher in the public schools of the city of Los Angeles, and prior to the commencement of this action had been classified as a permanent teacher in said public schools, and remained such until her alleged wrongful dismissal by the defendant Board of Education of said school district. She instituted this action for the purpose of having said order of dismissal declared and adjudged null and void; that she be reinstated and permitted to continue to serve in said public schools as a permanent teacher and for the sum of $286, which amount, it was alleged, was due her as salary for the remainder of the school year 1925–26, the year of her alleged illegal dismissal. The action was commenced September 7, 1926. The Board of Education in its answer to plaintiff's complaint denied that the plaintiff had been wrongfully or illegally dismissed as a teacher in said schools, and then set forth in its said answer the steps taken by said board prior, and leading up, to the order of said board dismissing the plaintiff from further service as a teacher in said schools. Upon the trial the court found that written charges had been made against plaintiff by the city superintendent of schools of said district, in which plaintiff was charged with unprofessional conduct; that a hearing upon said charges had been held by said board on the twentieth day of May, 1926, at which time said board made said order of dismissal; that prior to said hearing said board had given plaintiff written notice thereof, as provided by section 1609 of the Political Code, and that in the holding of said hearing said board had complied in all respects with the provisions of said section of the Political Code. The trial court further found "that substantial evidence was introduced at said hearing which tended to support the said charges," but that "no one of said charges is true and that all of said charges are untrue" and that the order of dismissal "was erroneous, in that the charges above mentioned were wholly false and untrue." Following these findings were those to the effect that plaintiff had no plain, speedy or adequate remedy at law; that she had not appealed from the decision of said Board of Education, made at said hearing dismissing her from service as a teacher in said pub-

lic schools, to the county superintendent of schools under the provisions of section 1698 of said Political Code, nor to the superintendent of public instruction as provided by section 1699 of said code. As conclusions of law upon the foregoing findings the court held that the plaintiff was entitled to judgment in her favor as prayed for. Such judgment was accordingly entered in the trial court in favor of the plaintiff and against the defendant Board of Education. From this judgment the Board of Education has appealed upon the judgment-roll alone.

Two questions are presented by this appeal. The first is whether the decision of the Board of Education as to the truth of the charges preferred against the plaintiff after a hearing thereon, of which hearing plaintiff had due and legal notice, and at which she was present with counsel and introduced evidence in her defense, is final and binding upon the plaintiff and upon said Board of Education. In case it be held that such decision is not final, then a second question is presented, and that is whether under all the facts and circumstances of this case *mandamus* will lie to compel said Board of Education to reinstate the plaintiff in her former position as a permanent teacher in said schools. The answers to the questions arising herein are largely controlled by the provisions of the so-called Teachers' Tenure Act as the same is now found in said section 1609 of the Political Code, upon its amendment in 1921. The constitutionality of said act was questioned, and its validity sustained, in a recent decision of this court. (*Grigsby* v. *King*, 202 Cal. 299 [260 Pac. 789].) This act provides for the classification of public school teachers into three classes, to be known as substitute, probationary and permanent teachers. As this action involves only the latter class we will dismiss the other two classes from further consideration. Subdivision fifth (j) of this section provides that permanent teachers, except where the number employed by a school district is decreased by reason of the decrease in the pupils attending the school in such district, or by the discontinuance of a particular kind of teaching service, may be dismissed only after a fair trial and impartial public hearing for certain designated causes particularly mentioned therein. Ten days' notice of said hearing must be given in writing to the teacher against whom charges have been preferred,

stating fully the charges and the time. and place of such hearing. The accused teacher is given the right to be represented by counsel at said hearing and to call witnesses in his behalf. At the close of said hearing the board may dismiss said teacher upon proof of any of the charges enumerated in said section and set forth in said written notice to said teacher upon the affirmative vote of a majority of the board. No member of the board shall be qualified to vote who was not present throughout the entire hearing, and such trial shall be concluded and the decision of the board rendered within ten days from the beginning of said trial. This subdivision of the section of the code closes with the following provision: "Nothing in this act shall be construed in such manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law."

The above provisions of section 1609 of the Political Code have been before the district court of appeal upon two different occasions, in each of which the question was squarely presented as to the finality and conclusiveness of the decision of the board of trustees dismissing a teacher for cause. In each of said cases it was held that such decision of the board of trustees was not final nor conclusive upon the teacher accused. (*Alexander* v. *Manton etc. School Dist.,* 73 Cal. App. 252 [238 Pac. 742]; *Hooper* v. *Wickes et al.,* 88 Cal. App. 535 [263 Pac. 853].) In the first of these two cases the appellate court, after reviewing the facts, stated the position of the trial court in said action as follows: "From the whole record it clearly appears that the [trial] court decided the case upon the theory that the trustees had the right to dismiss plaintiff during the term of his employment for cause only, and after notice and a hearing as provided in section 1609 of the Political Code; that the court was without jurisdiction to determine the truth or falsity of the charges; . . . " After discussing a point not involved in the present action, the opinion of the district court of appeal continues: "There are cases holding that the dismissal of a teacher for cause, after a trial by the board of trustees on charges preferred against him, is final and conclusive. There are others holding that where the teacher is given the right of appeal to the superintendent of schools in case of his dismissal, such remedy by appeal is

exclusive. Section 1698 of the Political Code provides for such an appeal. Section 1609, subdivision 5, as amended in 1921 (Stats. 1921, p. 1664), however, provides: "Nothing in this act shall be construed in such manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law.' Section 1609 prescribes the grounds and the proceedings for the dismissal of a teacher for cause. It would be difficult to give the provision quoted any meaning other than that, upon the discharge of a teacher for any alleged cause, he is entitled to maintain an action in court to determine the truth or falsity of the charges preferred against him. The reasons which may have actuated the legislature in giving a teacher such rights are well illustrated by the facts in this case. The trustees, as the representatives of one party to the contract, preferred the charges against plaintiff. One of the charges was abusive language towards a trustee who sat as a judge in the trial of plaintiff. Another charge constituted offensive and unmanly conduct towards the superintendent of schools, to whom the plaintiff had the right to appeal."

The case of *Alexander* v. *Manton, supra,* was followed by the case of *Hooper* v. *Wickes et al., supra,* decided by the said district court of appeal. In this latter case the court discussed the effect of section 1609 of the Political Code, and particularly the following provision: "Nothing in this act shall be construed in such manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law." The conclusion arrived at by the court in that case is stated as follows: "Subdivision 'J' of section 1609 of the Political Code empowers the trustees of a school district to dismiss a principal for one or more of the following causes, after a fair and impartial hearing, to-wit: Immoral or unprofessional conduct; incompetence; evident unfitness for teaching; persistent violation of, or refusal to obey the school laws of California or reasonable rules prescribed for the government of public schools. This subdivision of the section is followed by others relating to procedure not material here for the reason that no question is raised as to the procedure in this cause. We come then to the subdivision pertaining to this action, which reads: 'Nothing in this act shall be construed in such man-

ner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law.' This subdivision of section 1609 of the Political Code was under consideration by this court in the case of *Alexander* v. *Manton Joint Union School District*, 73 Cal. App. 252 [238 Pac. 742], and this court, speaking through Mr. Presiding Justice Finch, said: 'It would be difficult to give the provision quoted any meaning other than that upon the discharge of a teacher for any alleged cause, he is entitled to maintain an action in court to determine the truth or falsity of the charges preferred against him. The reasons which may have actuated the Legislature in giving a teacher such rights are well illustrated by the facts in this case. The trustees, as the representative of one party to the contract, preferred the charges against the plaintiff.' . . . The substance of the holding in the case of *Alexander* v. *Manton, supra,* is that upon an action such as is being presented to us upon this appeal, the trial court is vested with authority to hear all pertinent testimony relative to the support of the charges preferred against the plaintiff as principal of the high school district, to show the propriety, correctness and justness of the action of the board of trustees in ordering his dismissal. The holding in the Alexander case, as we read it, is also further to the effect that subdivision 5 of section 1609 of the Political Code lays the whole matter open before the trial court for inquiry and investigation as to the truthfulness of the charges, as though no testimony had been taken before the board of trustees and no action had thereon. The very wording of the subdivision seems to necessitate such holding in providing 'that nothing in this act shall be construed in any manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law.' That is equivalent to saying that none of the provisions contained in section 1609 of the Political Code shall be so construed as to prevent a teacher from bringing an action for a violation of a contract held by him with a board of school trustees which necessitates the further holding, as would be the case in any ordinary action, that all that is necessary for a plaintiff to do is to prove the contract of employment, his readiness to perform and the breach by the opposite party. That is one of the rights included and referred to in subdivi-

sion 5 of said section 1609, because it is one of the rights given to a teacher just the same as to any other party to maintain an action for a violation of contract."

The case of *Hooper* v. *Wickes et al.* was before this court upon a petition for a hearing herein. After a careful consideration of the opinion therein we denied said petition. At that time we were of the opinion that the district court of appeal had placed a correct construction upon the provisions of section 1609 of the Political Code in its decision of said cause. We have not been shown any reason why we should change the opinion at which we arrived at the time of the consideration by us of said petition. The plain effect of the ruling in each of the above causes is that the decision of the Board of Education, or board of trustees, as the case might be, is not final, but that in an action brought under the provisions of section 1609 of the Political Code the whole matter of the truthfulness of the charge against an accused teacher is laid open in the trial court for inquiry and investigation. If for inquiry and investigation, it must be for determination also. It follows, therefore, in the present action that it was the right of the trial court to determine the truth or falsity of the charges preferred against the plaintiff by the city superintendent of schools and which had been previously passed upon by said Board of Education. This right on the part of the trial court was in no way restrained or restricted by the fact that the Board of Education had previously acted upon said charges and had found the same to be true, as the action of said board by the plain terms of the statute is expressly made subject to the right of the teacher to resort to a court of competent jurisdiction and there have determined every "question of fact and law." The foregoing, we think, affords a complete answer to the first question above referred to as presented by the appeal in this action.

The other question, as already stated, involves the right of plaintiff to a writ of *mandamus* in a proceeding of this nature under the facts as found by the court in this action. It is first contended that a discharged teacher has the right to appeal to the county superintendent of schools under section 1698 of the Political Code, and that in case the salary of a teacher is withheld by a Board of Education or board of school trustees the teacher may appeal to the superin-

tendent of public instruction. These sections of the code were adopted long prior to the enactment of the Teachers' Tenure Act as the same is found in section 1609 of the Political Code, and it may be seriously doubted whether they have any application to a teacher holding his position under the provisions of said act. This was clearly intimated in *Alexander* v. *Manton, supra*. ▮ As to section 1698, we think that it is in no way applicable to the plaintiff, nor does it affect her right to maintain this action. It applies only "In cases of the dismissal of a teacher before the expiration of any oral or written contract" and has no reference to a permanent teacher acting as such under the provisions of section 1609 of the Political Code. We have already noted the fact that the plaintiff was at the time of her purported dismissal a permanent teacher in the public schools of said district. ▮ As to section 1699 of the Political Code, by its provisions the right is given to a teacher whose salary is withheld to appeal to the superintendent of public instruction. This section of the code in no way purports to afford any remedy to a teacher wrongfully dismissed or discharged. Neither of these sections of the code, therefore, affords plaintiff any plain, speedy or adequate remedy at law and they accordingly do not in themselves present any legal obstacle in this action to the issuance of a writ of *mandamus*. ▮ On the other hand, the courts of this state have frequently held that *mandamus* is the proper remedy to be invoked by a teacher, wrongfully dismissed from his position, and who holds it not under contract but by virtue of statutory authority (*Kennedy* v. *Board of Education*, 82 Cal. 483 [22 Pac. 1042]; *Fairchild* v. *Board of Education*, 107 Cal. 92 [40 Pac. 26]; *Barthel* v. *Board of Education*, 153 Cal. 376 [95 Pac. 892]; *Blalock* v. *Ridgway et al.*, 92 Cal. App. 132 [267 Pac. 713]. See, also, *Raisch* v. *Board of Education*, 81 Cal. 542 [22 Pac. 890], *Keller* v. *Hewitt*, 109 Cal. 146 [41 Pac. 871], *Davenport* v. *City of Los Angeles*, 146 Cal. 508 [80 Pac. 684], *Sheehan* v. *Board of Police Commrs.*, 47 Cal. App. 29 [190 Pac. 51], *Loehr* v. *Board of Education*, 12 Cal. App. 671 [80 Pac. 684], and *Ross* v. *Board of Education*, 18 Cal. App. 222 [122 Pac. 967]).

The case of *Kennedy* v. *Board of Education, supra*, contains an apt and comprehensive statement of the law upon

the subject, which we think is virtually conclusive of the present action. On page 491 in that case the court says:

"The writ of *mandamus* may issue in this state 'to compel the admission of a party to the use and enjoyment of a *right* or *office* to which he is entitled, and from which he is unlawfully precluded.' (Code Civ. Proc., sec. 1085.)

"It may be conceded that a right to hold the position of teacher in the public schools would not be a '*right*' within the meaning of this section, if such right depended solely upon a contract with the board of education, and the term for which such position should be held were not fixed by the statute. But such is not the case. As we have seen, the term for which the respondent was entitled to hold her position was not fixed by any contract with the appellant. The duration of her term of service is fixed by the *statute*, and her removal from it was not merely a violation of a contract, but of an *express provision of law forbidding such removal*. Although her right to take the position depended upon the act of the appellant, the right to continue in it was preserved to her by the statute, and to take it from her was to deprive her of a right given her by law, and to which she has a right to be restored by *mandamus*. (*People* v. *Van Siclen*, 43 Hun (N. Y.), 537.)

"The object being to restore her to a right given her by law, *mandamus* is the proper remedy. And as her term of service is uncertain, and depends upon the action of the board of education, based upon the causes named in the statute, her damages could not be ascertained with certainty, and an action for such damages would not be an adequate remedy."

The finding of the trial court that there was substantial evidence introduced at the hearing of the charges before the Board of Education "which tended to support said charges" would not deprive said court of the power to issue its writ of *mandamus* to compel said board to reinstate the plaintiff. The trial court found that said order of dismissal "was erroneous in that the charges above mentioned were untrue." The trial court further found that "no one of said charges is true and that all of said charges are untrue." We have already held that under the provisions of section 1609 of the Political Code the power of finally passing upon the truth or falsity of the charges preferred against

the plaintiff was in the trial court, and not in the Board of Education. The purpose of this action, therefore, was to determine whether the plaintiff had been wrongfully dismissed from her position as a permanent teacher, and this would depend upon whether the charges preferred against her were true or false. The evidence taken at the hearing before the defendant Board of Education could not in any way affect the present action nor the remedy to which the facts herein might disclose the plaintiff to be entitled. This is so for the reason, as held in *Hooper* v. *Wickes, supra,* that the whole matter was laid "open before the trial court for inquiry and investigation as to the truthfulness of the charges, as though no testimony had been taken before the board of trustees and no action had thereon." The finding of the court, therefore, as to the character of evidence before the Board of Education was upon an issue not material to the controversy before the court. The trial court having found that plaintiff had been wrongfully dismissed from her position, under the authority of *Kennedy* v. *Board of Education* and kindred cases, was authorized to compel by writ of *mandamus* her reinstatement to the position from which she had thus wrongfully been dismissed.

There is no merit, we think, in the contention of the defendants that by the amendment of 1921 of section 1609 of the Political Code the legislature has enlarged the scope of the writ of *mandamus* beyond that which it had at the time the constitution was adopted. The law is well settled that the legislature has no such power. (*Pacific Telephone etc. Co.* v. *Eshleman,* 166 Cal. 640 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119].) Section 1609 of the Political Code, since its amendment in 1921, at most gives to a discharged teacher a trial *de novo* before the superior court, after a hearing before the Board of Education. By this amendment the Board of Education has been deprived of the power to pass finally upon the dismissal of a teacher in the public schools. The effect of the amendment, therefore, is not to enlarge the power of the court in matters of *mandamus,* but to diminish the effectiveness of orders of Boards of Education and boards of trustees in dismissing teachers. The scope of the writ of *mandamus* remains the same after such amendment as it was before the adoption thereof. Neither are we able to agree with defendants

in their contention that the construction we have given to section 1609 of the Political Code as amended would result in conferring appellate jurisdiction upon superior courts to review proceedings taken before Boards of Education or boards of trustees. In support of this contention the defendants cite the case of *Lemen et al.* v. *Edmunson*, 202 Cal. 760 [262 Pac. 735]. That action involved a provision of the act of the legislature expressly giving the right of appeal from an order of the real estate commissioner to the superior court to any party aggrieved by such order. No right of appeal is given by section 1609 of the Political Code, either expressly or impliedly, to the dismissed teacher. He, however, is given the right to have the superior court determine the truth of the charges preferred against him without reference to the decision of the Board of Education as to the merits of said charges. Accordingly, the proceeding before the superior court cannot be considered in any sense as an appeal from the decision of the Board of Education. The judgment is affirmed.

Langdon, J., Preston, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.