[Civ. No. 3746. Third Appellate District.—July 5, 1929.]

RUTH DUTART, Respondent, v. MARION WOODWARD et al., as Directors of the Board of Education of the City of Stockton, Appellants.

Guard C. Darrah, District Attorney, Tom H. Louttit, Assistant District Attorney, and Scott Rex for Appellants.

Geo. F. Snyder for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a peremptory writ of mandate requiring the appellants, as directors of the school board to assign the petitioner to teach

in the elementary department of the Stockton School District.

The petitioner is classified as a permanent teacher in the elementary department of the Stockton School District pursuant to section 1609e of the Political Code of California. She taught acceptably for seven consecutive years in that department of the Lafayette School in the city of Stockton. Prior to the end of the school year of 1928, the petitioner married, and the appellants then requested her to tender her resignation as a teacher in that district which she declined to do. In March, 1928, pursuant to statute, San Joaquin and Calaveras Counties jointly established and are maintaining within the boundaries of the Murphy's School District of Calaveras County a free tubercular hospital and sanatorium. In this sanatorium there are about twenty-five children of school age who are not afflicted with the disease, but who have tubercular tendencies and who are therefore segregated from the actual tubercular patients. Pursuant to section 1618b of the Political Code, the appellants, as trustees of the Stockton School District, established and are maintaining elementary classes in that sanatorium for the education of these children, who are inmates thereof, and in August, 1928, assigned the petitioner to teach therein. It is conceded that the petitioner is entitled to maintain her status as a permanent instructor under the Teachers' Tenure Act of California, in the Stockton School District and that she is entitled to draw her salary therefor. The petitioner asserts that she is entitled to be assigned to active service in the elementary department of some school within the Stockton School District, and that the trustees have no legal authority to assign her to teach outside of that district, or in the tubercular sanatorium in Murphy's School District of Calaveras County.

The writ of mandate furnishes the proper remedy by means of which the legal rights of a teacher may be enforced. It is not necessary under such facts as are presented in the present petition, to first appeal to the county superintendent of schools. The application for the writ was therefore not premature. (*Saxton* v. *Board of Education of Los Angeles County School Dist.*, 206 Cal. 758 [276 Pac. 998].) Section 1609 of the Political Code provides, with relation to the powers of school boards in

part: "Nothing in this act shall be construed in such a manner as to deprive any teacher of his rights and remedies in a court of competent jurisdiction on a question of fact and law."

The appellants assert that the right to determine the nature and location of the teacher's assignment to services is exclusively vested in the school board acting in a *quasi-*judicial capacity, with which province the courts have no right to interfere. In the appellants' brief it is said: "The right to assign teachers, and by this we here mean the right to direct teachers what service they shall perform in return for the salary paid them, is vested exclusively in the employing board, and whether a teacher is assigned to teach in the most desirable schoolroom in an exclusive residential district, or to teach in a shack in the slums, or to teach as a substitute, or to sit in the waiting room of the board and there await the further pleasure of the board, is a right and discretion vested by the law in the board—and nowhere else."

There is no doubt that within the limitations prescribed by law and reason the school board possesses the exclusive province of assigning teachers to their specific work. But the board has no arbitrary authority to assign a teacher to a school where the sanitary conditions would endanger her health or life, nor to a school wherein the pupils are afflicted with a contagious disease, nor to the idle and useless task of continuously sitting around a waiting-room. For the refusal on the part of the teacher to comply with such unreasonable or dangerous assignments, the board would have no legal authority to prefer charges against the teacher and deprive her of her lawful status as a permanent teacher. The action of the board in classifying and assigning a teacher to a specific work must be performed in good faith and in accordance with the law. Section 1609 of the Political Code prescribes the manner in which the board may classify substitute, probationary and permanent teachers. The classification must be made in the manner here prescribed.

The wisdom of creating a permanent tenure of certain teachers is no longer an open question. The legislature has conferred upon teachers, under specified circumstances, a vested right to be so classified and to teach as permanent instructors, in the particular district where this right has

been secured, subject to such reasonable rules as may be adopted, which are not in conflict with law. Among these vested rights is the privilege of actually engaging in teaching. It would be a violation of good faith and contrary to the spirit of the law to relegate a permanent teacher to the idle and useless task of sitting around a waiting-room. No other design could so successfully destroy the ambition of a teacher or advertise her inefficiency. As a permanent teacher she is entitled to active employment. ■ The efficiency and fitness of the petitioner in the present case is conceded. After seven years' service in the Stockton schools, there is no criticism of her ability or fitness. Since no other reason is assigned, it must be inferred that the only objection to the petitioner continuing in her former assignment is because she married. The transfer to a class in a tubercular institution remote from the district where she earned her status as a permanent teacher is too severe a penalty for marriage. Marriage is not a legal ground for forfeiture of one's status as a permanent teacher. The inevitable result of the procedure in the present case is to accomplish by circuitous methods what the law does not directly permit. It is inferred that the retaining of petitioner's services in the Stockton district will necessitate the suspension of some other teacher, or incur the likelihood of another *mandamus* proceeding. The overcrowded condition of classes in our public school is prevalent. If a district is fortunate enough to have the means to employ an unlimited number of teachers, a segregation of the crowded classes may solve the problem of superfluous teachers. The real remedy against enforced idleness on account of the employment of too many teachers is for the board to hire no more than are required to adequately serve the number of pupils in attendance. If the board has made a mistake in assigning a teacher to service in a tubercular institution outside of their district, it is not good reason to argue that the correction of this error may embroil them in other difficulties.

■ We are inclined to think that the law precludes a school board from assigning a teacher to a school outside of its district. Section 1609, *supra*, authorizes the boards of school trustees, "(b) To fix and prescribe the duties to be performed by . . . teachers . . . *in the school district*." (Italics ours.) Section 1618b of the Political Code, under

which the appellants claim the authority to assign the petitioner to the tubercular sanatorium classes in another county and school district fifty miles from the Stockton School District in which she holds a permanent tenure as a teacher of elementary instruction, is as follows: "Education of persons in Tubercular sanatoriums and preventoriums. Whenever a sanatorium or preventorium is established for the cure of pretuberculous, or other physically afflicted persons, any school district may in its discretion establish and maintain in such institution, with the consent of the authorities thereof, special classes to provide elementary, secondary and vocational education to the inmates of such institution, who are residents of such school district. Said classes shall be considered a part of the school system of the district establishing them, and attendance shall be so reported even though such classes are maintained beyond the boundaries of said district. Such school district may admit to such classes residents of other school districts on such terms and conditions as the governing board may prescribe."

While it is provided that these sanatorium classes "shall be considered a part of the school system of the district establishing them," this does not make it a part of the school district. In fact, in the present case, it appears that the sanatorium class to which the petitioner was assigned is within the duly organized Murphy's School District of Calaveras County. We have no doubt, under the provisions of section 1618b, *supra*, that the school board of Stockton School District may employ teachers with the understanding and for the express purpose of teaching the children in the sanatorium, but we are of the opinion that the board may not lawfully assign a permanent teacher of the Stockton School District to that position without her consent.

In view of the foregoing, there is no necessity of passing upon the constitutionality of section 1618b, *supra*, which is challenged by the petitioner.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 3, 1929, and a petition

by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1929.

All the Justices concurred.