[Civ. No. 172. Fourth Appellate District.—November 26, 1930.]

LOU H. FRANCIS, Appellant, v. WALKER JONES et al., Respondents.

Fall & Fall, Lucius M. Fall, J. Gilbert Fall and George H. Francis, for Appellant.

Geo. H. Johnson, District Attorney, and James L. King, Deputy District Attorney, for Respondents.

MARKS, Acting P. J.—Appellant is, and was at all times herein mentioned, the holder of a certificate entitling her to teach in the high schools of the state of California. The Victor Valley Union High School District was a district that employed more than eight teachers under a principal who devoted more than two hours per day to supervision in the school under his control. Walker Jones, L. V. Robinson, R. J. Mills, James M. Holloway, and T. A. Lee were trustees of this district.

Appellant was employed as a teacher in the district from 1922 to the end of the school term in 1927, and became a permanent teacher of such district under the provisions of section 1609 of the Political Code. On May 7, 1927, the board of trustees passed a resolution terminating the employment of each teacher in the high school effective June 30, 1927, the end of the school year.

On August 20, 1927, appellant informed the trustees of the district that she was ready and willing to discharge her duties as a teacher and asked them to inform her of the date upon which the school would open. Under date of August 23, 1927, appellant acting through Messrs. Fall & Fall, her attorneys, informed the trustees by letter that she was ready, willing and able to teach in the high school during the ensuing school year and requested that she be in-

formed when she could enter upon the performance of her duties. It does not appear from the record that respondents replied to either of these communications. Under date of February 17, 1928, Messrs. Fall & Fall, as attorneys for appellant, wrote a letter to the board of trustees of the district, in which they requested the payment of the salary of appellant from the commencement of the school year in 1927. They received no reply to this letter, and suit was instituted in the court below whereby appellant sought a writ of mandate requiring respondents to reinstate her in her position as a permanent teacher, and directing the drawing of warrants in her favor for the salary which had accrued during the school year 1927–1928. It was stipulated at the trial of this case that no charges were filed against appellant as required by section 1609 of the Political Code, nor was she given any hearing by the board of trustees of the district prior to her purported dismissal. After proof of the foregoing facts the trial court granted respondents' motion to dismiss appellant's petition. This had the same effect as a judgment of nonsuit.

Since this case was heard in the court below, the cases of *La Shells* v. *Hench,* 98 Cal. App. 6 [276 Pac. 377], *Dutart* v. *Woodward,* 99 Cal. App. 736 [279 Pac. 493], and *Saxton* v. *Board of Education,* 206 Cal. 758 [276 Pac. 998], have been decided. These cases, together with the case of *Grigsby* v. *King,* 202 Cal. 299 [260 Pac. 789], furnish us authority under which we must reverse the judgment and order of the trial court. ■ It is now well settled law in California that the position of teacher in the public schools of California becomes permanent after teaching for the length of time required by the Teachers' Tenure Act, and that a permanent teacher can only be deprived of her right to teach by and after the filing of written charges against her and a hearing had thereon. There were no charges filed or hearings held in this case. Therefore, the motion of respondents to dismiss the petition should not have been granted.

■ Respondents contend that under section 1699 of the Political Code appellant had the right to appeal to the superintendent of public instruction upon her salary being withheld, and that as she failed to do so her action could not be maintained. In the case of *Saxton* v. *Board of Education, supra,* it was held that the provisions of this section

do not apply in the case of the discharge of a permanent teacher where the procedure prescribed by section 1609 of the Political Code is not followed.

In the instant case, appellant sought to accomplish two results by her petition for a writ of mandate; first, her reinstatement as a permanent teacher, and, second, the drawing of warrants for the payment of her salary. If the provisions of this section could be construed so as to defeat her action for her salary, it could not be held to bar her action for reinstatement.

The order and judgment appealed from are reversed.

Barnard, J., and Warmer, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1931.