[L. A. No. 14141. In Bank.—October 2, 1933.]

JOHN GENTNER, Appellant, v. BOARD OF EDUCATION OF LOS ANGELES CITY HIGH SCHOOL DISTRICT et al., Respondents.

W. A. Alderson and Miller & Ellis for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard and C. B. Penn, Deputies County Counsel, for Respondents.

SEAWELL, J.—Petitioner John Gentner appeals from a judgment of the Superior Court of Los Angeles County denying a writ of mandate to compel the Board of Education of the Los Angeles City High School District to reinstate him as a permanent teacher in said district.

It is undisputed that petitioner had acquired the status of a "permanent" teacher in the Los Angeles City High School District under our Teachers' Tenure Law. The Board of Education of said district refused to assign him to a position for the school term commencing September 12, 1927. On October 24, 1927, Susan M. Dorsey, as superintendent of schools for the city of Los Angeles, filed with said board charges of petitioner's incompetence and evident unfitness for teaching, the charges were set for hearing on

November 14, 1927, and on November 16, 1927, the board ordered petitioner dismissed. He thereafter applied to the Superior Court of Los Angeles County for a writ of mandate to compel his reinstatement, and upon denial of the writ appealed to the District Court of Appeal, Second Appellate District. Division Two of that court affirmed the judgment.

In petitioning for a hearing in this court, petitioner urged that the hearing be granted only as to the two propositions which the appellate court failed to discuss in its opinion, to wit, petitioner's right to salary from the opening of the fall term on September 12, 1927, to his formal dismissal on November 16, 1927, and his contention that the findings of the trial court were fatally contradictory. Except for his assertion of inconsistency in the findings, which we hereafter show to be without merit, petitioner has now virtually abandoned his claim to reinstatement. Aside from this, the grounds urged for reinstatement are insufficient. ▄▄ The charges filed against petitioner with the Board of Education of the City High School District, and embodied in the return filed to the alternative writ of mandate in the superior court, sufficiently allege incompetence and evident unfitness for service, which are statutory grounds for dismissal. (Sec. 1609, subd. 5j, Pol. Code, now sec. 5.661, School Code.) ▄▄ Although certain of the charges and findings relate to acts of petitioner more than three years before the filing of charges, which petitioner contends are too remote and are barred by the statute of limitations (sec. 338, subd. 1, Code Civ. Proc.), other charges and findings as to more recent conduct sustain the judgment. In view of the fact that the evidence adduced before the trial court and Board of Education is not embodied in the record on appeal, it must be presumed that the evidence supports the findings.

▄▄ Finding III as to petitioner's having been "successfully employed" as a teacher in the Los Angeles schools for eleven years, and having "successfully rendered" continuous service under said employment during all of said period of eleven years, is not fatally inconsistent with the clear and unequivocal findings that petitioner was on November 14, 1927, and for a long time prior thereto had been, incompetent and unfit to teach. It is obvious from the findings as a whole that finding III, which follows the language of

the petition and the terms of the statute defining a permanent teacher, was to establish that petitioner had tenure based on his years of continuous service. Petitioner had been "successfully" employed in the sense that he had been continuously employed for the period stated, and thereby had "succeeded" in acquiring tenure.

The question as to whether petitioner is entitled to be paid his salary from the commencement of the school term on September 12, 1927, to November 16, 1927, the date of the board's order of dismissal, presents a more serious problem. He was ready and willing to teach, and would have taught during this period but for the action of the board in refusing to permit him to teach. ■ Section 1609, subdivision 5j, of the Political Code (now secs. 5.660–5.670, School Code), authorized boards of school trustees, and city and city and county boards of education to dismiss teachers for the causes listed therein only *after* a fair and impartial public hearing, had upon at least ten days' notice to the teacher charged. The trial must be concluded and the decision rendered within ten days after the beginning of the trial. It is apparent from the express language of the provision that a permanent teacher cannot be deprived of his status until after a hearing has been held. ■ "Dismissal" as used in the tenure law refers to action of the board terminating the status of a permanent teacher. Until such dismissal the teacher retains his tenure and the rights incident thereto.

But in our view it is not an incident of such tenure that a teacher must be given active employment pending the conclusion of dismissal proceedings against him, or paid his full salary when it is determined upon hearing held that cause for removal existed. This may be illustrated forcibly by consideration of one of the several statutory grounds for dismissal—immoral conduct. It should be said that absolutely no charges of this nature were filed against petitioner herein. Where a board has good cause to believe that a teacher has been guilty of gross immorality or acts of perversion, it becomes the duty of the board immediately to remove him from contact with his classes and promptly to take steps to dismiss him. The welfare of the children is the paramount consideration. ■ It follows from the fact that the authorities are not required to give active employment to a

teacher pending his removal hearing, that when his removal is subsequently ordered he is not entitled to receive salary for the period during which he has not taught. The law does not contemplate that public funds shall be expended where no services are performed, and where not only is there no duty to accept services tendered, but the welfare of the children may require that they be dispensed with until a hearing can be held. The interests of the teacher receive a full measure of protection in the right to a hearing as provided by law, and the right to receive a salary for the entire period of unemployment in the event it should be determined that cause for removal did not exist. (*Saxton* v. *Board of Education of Los Angeles City School District*, 206 Cal. 758 [276 Pac. 998].)

We conclude that the tenure right of a permanent teacher is not to teach, or, at least, to receive salary, up to the very day when his dismissal shall be ordered upon hearing held. Rather, it is his right that the board shall either assign him to a class, or, upon failure to assign him, promptly institute and carry through removal proceedings. If the board fails either to give him an assignment or to initiate dismissal proceedings promptly, or having commenced a proceeding fails to conclude it with reasonable dispatch, the teacher has his remedy by writ of mandate to compel the board to discharge its duty in the premises.

In the case herein the court found that petitioner was, on November 14, 1927, the date of the dismissal hearing, and for a long time prior thereto had been, incompetent and unfit to teach. Petitioner alleged that he was notified that he would not be permitted to teach, but he does not state the grounds on which the notice was based. The evidence has not been brought up on this appeal. All intendments are in favor of the judgment and the legality of the action taken by the board. It must be presumed that the board refused his services at the opening of the school term on the ground of his incompetence and unfitness to teach.

Respondents have not lost their right to contest petitioner's claim to salary by their failure to deny in their amended return to the alternative writ his averment that salary was due and owing to him from September 12, 1927. In addition to the petition for the writ, petitioner later filed a pleading denominated "supplemental complaint", which

had particular reference to the matter of salary, and respondents filed an answer thereto, wherein they denied that petitioner was entitled to salary during the period he did not render services. This complaint and answer were not intended to be superseded by the amended petition for the writ and amended return later filed. That the case was tried on the theory that the right to salary was in issue is apparent from the court's finding that no salary was due and owing petitioner.

The judgment is affirmed.

Shenk, J., Preston, J., Waste, C. J., and Curtis, J., concurred.